# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CODY P. COGSWELL**
Anderson, Indiana



FILED
Mar 28 2014, 9:48 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| IN RE PATERNITY OF | ) | |
| D.T. (Minor Child) | ) | |
| | ) | |
| DIAMOND T. PARKS (Mother), | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 48A05-1309-JP-486 |
| | ) | |
| DEANTE RASHON TATE (Father), | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
The Honorable Jason A. Childers, Master Commissioner
Cause No. 48C01-1111-JP-299

**March 28, 2014**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Diamond T. Parks ("Mother") is a Mississippi resident. In 2011, she filed an action against Deante Rashon Tate ("Father") in a Neshoba County, Mississippi court ("Mississippi court"), seeking to establish his paternity of her two-year-old son, D.T., and to enforce child support and obtain Medicaid benefits. Because Father resides in Anderson, Indiana, the Mississippi Department of Human Services sought enforcement assistance in Madison Circuit Court ("trial court"). Several months later, the trial court held a hearing, during which Father admitted to paternity. Although D.T. had resided with Mother for his first two years and was listed as a Mississippi resident, he was physically present with Father in Anderson due to a death in Father's family. Shortly after paternity was established, Father sought custody of D.T. in the Indiana trial court. Due to defective service, Mother was unaware of the Indiana custody hearing and did not appear. The trial court awarded custody to Father.

Mother now appeals, claiming that the trial court lacked subject matter jurisdiction under the Uniform Interstate Family Support Act ("UIFSA") to make a custody determination and that the trial court lacked personal jurisdiction over her due to defective service of process. Finding that the trial court lacked subject matter jurisdiction, we reverse and remand for proceedings consistent with this decision.

**Facts and Procedural History**

On June 3, 2009, Mother gave birth to D.T. out of wedlock in Anderson, Indiana. Father was listed on the birth certificate as D.T.'s father, but paternity had never been

2

adjudicated. The relationship between Mother and Father deteriorated, and Father was convicted of strangulation, criminal confinement, and domestic battery committed against Mother in D.T.'s presence in July 2010. The court in that cause issued a no-contact order, and Mother and D.T. relocated to Mississippi, where they lived until November 2011.

In July 2011, Mother filed an action in the Mississippi court seeking Medicaid benefits and child support from Father. Because paternity had never been established, on July 12, 2011, the Mississippi Department of Human Services transmitted a request for a paternity determination and child support enforcement under UIFSA to the Indiana Central Registry Child Support Division. The Madison County prosecutor, acting as an intervening party, filed a UIFSA action in the Indiana trial court to support the Mississippi request. On November 8, 2012, the trial court issued a summons ordering Father to appear at a hearing on February 19, 2013, at which time he admitted to paternity.

From November 2011 to early 2013, D.T. went back and forth from Mother to Father, living with Father in Anderson from November 2011 to June 2012, and returning to Mississippi with Mother from June to October 2012. He lived with Father from October 2012 to January 2013, when he went back to Mother's home in Mississippi. On February 13, 2013, Mother brought D.T. back to Indiana and placed him in her own mother's care while she moved to a new apartment in Mississippi. Father sought D.T.'s presence at a memorial service for his own mother, and Mother consented. When Father was supposed to meet Mother in Tennessee to return D.T. to her, he told her that the memorial service had been

postponed and that he needed to keep D.T. for a while longer. Mother consented, and the meeting was canceled.

When D.T. had not been returned to her by mid-April, Mother traveled to Indiana, seeking to retrieve him and take him to her new apartment in Mississippi. When she arrived, she retrieved him from the babysitter and went to a local discount store, where police approached her and informed her that Father had been granted custody of D.T. per an April 5, 2013 order issued by the Indiana trial court. At that time, she discovered that Father had filed a motion for full custody in March 2013 and had listed his own aunt's address as Mother's address for purposes of service of process. Neither Mother nor the Mississippi court received service of process concerning any proceedings connected with Father's Indiana custody motion.

Thereafter, Mother filed a motion to correct error, which the trial court denied. On July 31, 2013, Mother filed an emergency motion to vacate the custody order pursuant to Indiana Trial Rule 60(B)(6). Meanwhile, on August 1, 2013, the Madison County prosecutor filed a motion to dismiss the UIFSA cause without prejudice based on the trial court's award of custody to Father. The trial court conducted a hearing on Mother's emergency motion on August 6, 2013, and thereafter issued an order denying her motion. The trial court's findings state in pertinent part:

1. Father's paternity regarding [D.T.] was established by Order of February 19, 2013.

2. On March 4, 2013, Father filed a request for permanent custody of [D.T.].

4

….

4. Father appeared and testified at the hearing April 4, 2013. Mother failed to appear.

5. The Court issued an Order on April 5, 2013, awarding Father custody of [D.T.].

6. Thereafter, service was returned "Doesn't live at address provided" to the Court showing that Mother did not receive notice of the hearing conducted on April 4, 2013.

….

8. On August 1, 2013, Mother filed an Emergency Motion to Vacate Prior Order Pursuant to Trial Rule 60(B)(6). Mother contends therein that the Order of April 5, 2013 is void because she did not receive notice of the hearing on April 4, 2013.

….

11. Mother has correctly pointed out that the hearing on April 4, 2013 was procedurally defective due to her failure to receive notice. However, notwithstanding the notice issue, the Court finds that the evidence presented regarding custody during the August 6, 2013 hearing supports the Court's previous order awarding custody to Father.

12. First, Mother has not established that an emergency exists as alleged in the title of her motion. While the issue of custody of [D.T.] is a pressing matter for the parties, this alone does not create an emergency.

….

15. … [A]lthough Mother did not participate in the hearing on April 4, 2013, the evidence demonstrates that paternity has been established, Father has had physical custody of [D.T.] since February 2013, Father has [D.T.] enrolled in school, and Father has made sure that [D.T.'s] medical and dental needs have been met.

16. Therefore, Mother's Emergency Motion to Vacate Prior Order Pursuant to Trial Rule 60(B)(6) should be and is hereby DENIED.

Appellant's App. at 40-41. In September 2013, Mother filed a motion to be heard under Indiana Trial Rule 53, which the trial court also denied.

Mother now appeals the trial court's order denying her Trial Rule 60(B)(6) motion to vacate. Additional facts will be provided as necessary.

**Discussion and Decision**

Mother maintains that the trial court erred in denying her emergency motion to vacate its order granting Father custody of D.T. on jurisdictional grounds. Where, as here, the trial court has entered findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52, we review its decision using a two-tiered standard. *Tompa v. Tompa*, 867 N.E.2d 158, 163 (Ind. Ct. App. 2007). First, we determine whether the evidence supports the findings, and then we determine whether the findings support the judgment. *Id*. The findings and conclusions will be set aside only if they are clearly erroneous. *Id*. A judgment is clearly erroneous where a review of the record leaves us with a firm conviction that a mistake has been made. *Id*. In conducting our review, we neither reweigh evidence nor judge witness credibility; rather, we consider only the evidence most favorable to the judgment. *Id*. We review conclusions of law de novo. *Id*.

At the outset, we note that Father has failed to submit an appellee's brief. As such, we need not undertake the burden of developing arguments for him. *Cox v. Cantrell*, 866 N.E.2d 798, 810 (Ind. Ct. App. 2007), *trans. denied*. Instead, we apply a less stringent standard of review and may reverse if the appellant establishes prima facie error, meaning error "at first sight," "on first appearance," or "on the face of it." *Id*.

6

Mother filed an emergency motion to vacate the custody order under Indiana Trial Rule 60(B)(6), which states that a trial court "may relieve a party … from a judgment, including judgment by default, for the following reasons: … (6) the judgment is void." Although she characterized her motion as an "emergency" motion, Trial Rule 60 is simply titled, "Relief from judgment or order." In its findings, the trial court emphasized Mother's characterization of her motion as an "emergency motion to vacate," stating, "Mother has not established that an emergency exists as alleged in the title of her motion. While the issue of custody of [D.T.] is a pressing matter for the parties, this alone does not create an emergency." Appellant's App. at 41. Trial Rule 60(B)(6) does not require a showing of "emergency" circumstances; it simply requires that the judgment be "void." Mother submits that the custody order is void based on (1) the trial court's lack of subject matter jurisdiction under UIFSA to make any custody determination; and (2) the trial court's lack of personal jurisdiction over her due to defective service of process. We find the trial court's lack of subject matter jurisdiction to be dispositive.

Subject matter jurisdiction refers to "the power of a court to hear and determine cases of a general class to which the proceedings then before the court belong." *Marriage of Thomas v. Smith*, 794 N.E.2d 500, 503 (Ind. Ct. App. 2003), *trans. denied*. "A judgment entered by a court that lacks subject matter jurisdiction is void and may be attacked at any time." *Id*.

With respect to subject matter jurisdiction in UIFSA proceedings, Indiana Code Section 31-18-7-2 states, "Nothing in this chapter shall be construed to confer jurisdiction on

7

the court to determine issues of custody, parenting time, or the surname of a child. However, the parties may stipulate to the jurisdiction of the court with regard to custody, parenting time, or the surname of a child." Indiana Code Section 31-18-3-1 lists the types of proceedings covered under UIFSA, including establishment of child support, enforcement, registration or modification of support order, paternity determination, and assertion of personal jurisdiction over nonresidents. The Act itself limits the class of cases that a UIFSA court has the power to decide—those falling within the general category of support enforcement. *See In re Marriage of Truax*, 522 N.E.2d 402, 405 (Ind. Ct. App. 1988) (construing UIFSA's predecessor statute as limiting the court's subject matter jurisdiction to support enforcement, not custody or visitation disputes), *trans. denied* (1989).

Here, the cause of action was before the Indiana trial court as a UIFSA action, sent from the initiating state (Mississippi) to the responding state (Indiana). Ind. Code §§ 31-18-1-9, -18. The Enforcement Transmittal Request clearly lists the cause as a IV-D action,[1] lists the Mississippi cause number as well as the cause number of the "Responding Tribunal" (the trial court), and indicates that enforcement is sought under UIFSA for the establishment of paternity and the establishment of an order for current and retroactive child support, including medical support. Appellant's App. at 7. The February 19, 2013 paternity order, signed by the trial court commissioner and judge, specifies that the cause is before the IV-D commissioner for UIFSA. *Id*. at 32. Inexplicably, however, the order states that the court held all support determinations under advisement "until custody established." *Id*.

---

[1] IV-D refers to the child support provisions of Title IV-D of the federal Social Security Act.

Shortly after the paternity order was issued, Father filed a pro se motion under the same cause number seeking full custody of D.T., who was with him in Indiana pending attendance at a family memorial service. Curiously, the trial court adjudicated the custody request as part of the UIFSA cause of action, even though UIFSA specifies that the court lacks jurisdiction to make such a determination absent a stipulation between the parties. Ind. Code § 31-18-7-2. The record is devoid of documentation indicating any such stipulation, and Mother never received notice of the custody hearing. As such, she cannot be deemed to have stipulated to the trial court's jurisdiction over the matter.

Additionally, the captions on the court filings indicate that court personnel were confused by the effect of Father's request for a custody determination within the UIFSA framework. While the cause number remained the same, the parties' positions were switched, with Father being newly referenced as "Petitioner" and Mother as "Respondent." Simply put, the UIFSA cause of action impermissibly morphed into a custody action and resulted in a custody order that is void for lack of subject matter jurisdiction. Consequently, the trial court clearly erred in denying Mother's Trial Rule 60(B)(6) motion to vacate.[2]

---

[2] We briefly address the trial court's lack of personal jurisdiction only as it relates to the question of whether Mother consented to the trial court's jurisdiction. In its order denying Mother's Trial Rule 53(E) motion to be heard, the trial court incorrectly stated that "Mother consented to personal jurisdiction when she filed her Petition to Establish Paternity on November 8, 2012 in the Madison County Circuit Court 1. Paternity was established on February 19, 2013 during a hearing in which both Father and Mother appeared." Appellant's App. at 57. As to Mother's alleged consent, we note first that Mother did not file the petition in the trial court to establish paternity. Instead, it was initiated by authorities in the state of Mississippi, in an effort to establish paternity and enforce child support under UIFSA. *Id*. at 7. Moreover, contrary to the trial court's statement, Mother did not appear at the February 19, 2013 hearing to establish paternity. Additionally, as discussed, the UIFSA proceedings did not allow an independent determination of custody, and Mother could not have anticipated that the trial court would entertain a motion for custody by dovetailing it into the same cause of action. Thus, she neither stipulated to the adjudication of custody nor consented to the trial court's exercise of jurisdiction over her.

9

Finally, we note that the Madison County Prosecutor filed a motion to dismiss UIFSA for the following reason: "legal custody of the child in this cause has been awarded to [Father]. Accordingly, no useful purpose will be served in the further prosecution of the UIFSA at this time." Appellant's App. at 36. Because we hold that the custody order is void, we conclude that the UIFSA proceedings should be reinstated. Accordingly, we reverse and remand for proceedings consistent with this decision.

Reversed and remanded.

BAKER, J., and NAJAM, J., concur.