## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 25 2015, 10:06 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Jerry J. Lux | William B. Keaton |
| Brown, DePrez & Johnson, P.A. | Keaton and Keaton |
| Shelbyville, Indiana | Rushville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| W.W., | March 25, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 70A01-1407-DR-313 |
| v. | Appeal from the Rush Superior Court |
| B.W., | Honorable Brian D. Hill, Judge |
| *Appellee-Plaintiff* | Cause No. 70D01-1201-DR-029 |

**Friedlander, Judge.**

[1] W.W. (Mother) appeals from the trial court's denial of her petition to relocate. She raises the following consolidated, restated issue on appeal: Did the trial court clearly err in finding that allowing Mother to relocate with C.W. (Child) was not in Child's best interests?

[2] We affirm.

[3] Mother and B.W. (Father) were married in 2010, and Child was born in 2011. The marriage was dissolved in June 2013, and Mother was awarded custody with Father exercising liberal parenting time.

[4] On March 18, 2014, Mother filed a notice of her intent to relocate from Shelbyville, Indiana to Utica, Kentucky with Child. In the notice, Mother asserted that she wanted to move because she was "becoming engaged and wishe[d] to join her fiancé in this location." *Appellant's Appendix* at 28. Father filed a motion for a temporary restraining order to prevent mother from relocating with Child and an objection to Mother's notice of intent to relocate. A hearing was held on April 30, 2014, at which Mother agreed that she would not relocate with Child until the contested matter was resolved. On the same date, the trial court issued an order granting Father's request for a temporary restraining order and setting the matter of Father's objection to Mother's notice of intent to relocate for a hearing.

[5] A hearing on Father's objection to Mother's notice of intent to relocate was held on June 30, 2014. On the same date, the trial court issued an order denying Mother's request to relocate with Child. Mother now appeals. Additional facts will be provided as necessary.

[6] Where, as here, the trial court enters special findings of fact and conclusions thereon pursuant to Trial Rule 52(A), we apply a two-tiered standard of review. *In re Paternity of C.S.*, 964 N.E.2d 879 (Ind. Ct. App. 2012), *trans. denied*. First,

we consider whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* The trial court's findings and conclusions will be set aside only if they are clearly erroneous—that is, where a review of the record leaves us with a firm conviction that a mistake has been made. *In re Paternity of D.T.*, 6 N.E.3d 471 (Ind. Ct. App. 2014). In conducting our review, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we will consider only the evidence favorable to the trial court's judgment. *Id.*

[7] Mother challenges the trial court's denial of her request to relocate with Child. When a parent files a notice of intent to relocate, the nonrelocating parent may object by moving to modify custody or to prevent the child's relocation. Ind. Code Ann. § 31-17-2.2-1 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015); I.C. § 31-17-2.2-5 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015). Where, as here, the nonrelocating parent files a motion to prevent relocation, the relocating parent must first prove "that the proposed relocation is made in good faith and for a legitimate reason." I.C. § 31-17-2.2-5(c). If the relocating parent makes such a showing, "the burden shifts to the nonrelocating parent to show that the proposed relocation is not in the best interest of the child." I.C. § 31-17-2.2-5(d).

[8] In this case, the trial court found that Mother had satisfied her burden of proving that her proposed relocation was made in good faith and for a

legitimate purpose.[1]  The trial court went on, however, to find that Father had satisfied his burden of establishing that the proposed relocation was not in Child's best interests.  It is the latter finding Mother contests on appeal.

[9]  In considering a proposed relocation, a trial court must weigh the following factors:

> (1) The distance involved in the proposed change of residence.
>
> (2) The hardship and expense involved for the nonrelocating individual to exercise parenting time or grandparent visitation.
>
> (3) The feasibility of preserving the relationship between the nonrelocating individual and the child through suitable parenting time and grandparent visitation arrangements, including consideration of the financial circumstances of the parties.
>
> (4) Whether there is an established pattern of conduct by the relocating individual, including actions by the relocating individual to either promote or thwart a nonrelocating individual's contact with the child.
>
> (5) The reasons provided by the:
>
>> (A) relocating individual for seeking relocation; and
>>
>> (B) nonrelocating parent for opposing the relocation of the child.
>
> (6) Other factors affecting the best interest of the child.

I.C. § 31-17-2.2-1(b); *see also D.C. v. J.A.C.*, 977 N.E.2d 951 (Ind. 2012).[2]  "The '[o]ther factors affecting the best interest of the child' include, by implication,

---

[1] Father argues that the trial court's finding in this regard was not supported by the evidence.  Because we affirm the trial court's ultimate decision to deny Mother's request to relocate, we need not address this argument.

[2] Mother's reliance on *D.C. v. J.A.C.*, 966 N.E.2d 158 (Ind. Ct. App. 2012), *trans. granted, opinion vacated in relevant part*, *D.C. v. J.A.C.*, 977 N.E.2d 951 (Ind. 2012), is misplaced.  Our Supreme Court granted transfer in that case, thereby vacating the relevant portion of this court's opinion.  *See* Ind. Appellate Rule 58(A) (providing that where the Supreme Court grants transfer, the decision of the Court of Appeals is

the factors set forth for custody determinations and modifications under Indiana Code section 31-17-2-8." *T.L. v. J.L.*, 950 N.E.2d 779, 785 (Ind. Ct. App. 2011) (alteration in original). I.C. § 31-17-2-8 provides that the court "shall consider all relevant factors," including specifically the following:

(1) The age and sex of the child.

(2) The wishes of the child's parent or parents.

(3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.

(4) The interaction and interrelationship of the child with:

(A) the child's parent or parents;

(B) the child's sibling; and

(C) any other person who may significantly affect the child's best interests.

(5) The child's adjustment to the child's:

(A) home;

(B) school; and

(C) community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 8.5(b) of this chapter.

[10] In finding that relocation was not in Child's best interests, the trial court found that Father exercises extensive parenting time with Child, which would

---

automatically vacated except for portions expressly adopted, incorporated by reference, or summarily affirmed by the Supreme Court).

necessarily be significantly reduced by Mother's relocation with Child to an area approximately 230 miles away. The trial court also found that Child has close and loving relationships with both sides of her extended family, and her contact with these individuals would also be significantly reduced. Based on these findings, the trial court found that relocation was not in Child's best interests.

[11] Mother's arguments on appeal are merely requests to reweigh the evidence and reach a conclusion opposite that of the trial court. As our Supreme Court explained in *D.C. v. J.A.C.*,

> Appellate deference to the determinations of our trial court judges, especially in domestic relations matters, is warranted because of their unique, direct interactions with the parties face-to-face, often over an extended period of time. Thus enabled to access credibility and character through both factual testimony and intuitive discernment, our trial judges are in a superior position to ascertain information and apply common sense, particularly in the determination of the best interests of the involved children.

977 N.E.2d at 956. It is not enough on appeal that the evidence might support some other conclusion; rather, the evidence must positively require the result sought by the appellant. *D.C. v. J.A.C.*, 977 N.E.2d 951. Accordingly, an appellate court "will not substitute [its] own judgment if any evidence or legitimate inferences support the trial court's judgment." *Id.* at 957 (quoting *Baxendale v. Raich*, 878 N.E.2d 1252, 1257-58 (Ind. 2008) (alteration in original).

[12] In this case, evidence was presented that Father regularly exercises extensive parenting time with Child. Specifically, he exercises parenting time three days

per week, including one overnight every other weekend. Mother proposed that if she moved to Utica, which is three-and-a-half to four hours away by car, Father could have parenting time every other weekend and part of the summer. This would constitute a significant decrease in Father's parenting time, particularly in light of Father's work schedule as a firefighter, which requires him to work one twenty-four-hour period every weekend. Thus, Father would be available to spend time with Child only one day every other weekend, or two days per month. Accordingly, the trial court's finding that Father's parenting time would be significantly reduced as a result of the proposed relocation is not clearly erroneous. Moreover, testimony was presented that Child spends a significant amount of time with her extended family, including her grandparents, aunts and uncles, and cousins, all of whom live in her current community. Indeed, Child's paternal grandparents testified that they see her two or three times per week. Child has no extended family in the Utica, Kentucky area. Accordingly, the trial court's finding that the proposed relocation would significantly reduce the time spent with her extended family is likewise supported by the evidence.

[13] We acknowledge and do not dispute Mother's assertions that the relocation could also be beneficial to Child in certain ways. But Mother's arguments are, at bottom, simply a request to substitute our judgment for that of the trial court. As we explained above, however, it is not enough that the evidence might

support another conclusion; it must positively require it.[3]  Because there is evidence supporting the trial court's finding that the relocation is not in Child's best interests, we will not disturb its judgment on appeal.

[14]    Judgment affirmed.

Kirsch, J., and Crone, J., concur.

---

[3] For this reason, Mother's reliance on *Dixon v. Dixon*, 928 N.E.2d 24 (Ind. Ct. App. 2013), is unavailing.  In that case, the trial court granted a petition to relocate, finding that relocation was in the best interests of the child.  This court affirmed, concluding that the trial court's best-interests determination was supported by the evidence.