## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 24 2017, 9:41 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Derick W. Steele | Mark A. Dabrowski |
| Kokomo, Indiana | Kokomo, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| James Gillespie, | August 24, 2017 |
| *Appellant-Defendant,* | Court of Appeals Case No. 34A05-1607-DR-1692 |
| v. | Appeal from the Howard Superior Court |
| Anita Gillespie, | The Honorable Brant J. Parry, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 34D02-1509-DR-724 |

**Altice, Judge.**

**Case Summary**

[1] James Gillespie (Husband) appeals from the trial court's order dissolving his marriage to Anita Gillespie (Wife). Husband raises the following issues on appeal:

> 1. Was the trial court's finding that Husband had retained the parties' joint tax refund clearly erroneous?

> 2. Did the trial court err in including Husband's pension in the marital estate?

Wife cross-appeals and raises the following issue:

> 3. Did the trial court err in excluding Husband's Wells Fargo account from the marital estate?

[2] We affirm in part, reverse in part, and remand with instructions.

## Facts & Procedural History

[3] Husband and Wife have been married twice. The first marriage took place in 1979. Husband and Wife divorced for the first time in 1995, and Wife was awarded a portion of Husband's pension. After the 1995 divorce, Husband and Wife continued to cohabitate with the exception of a few brief periods of separation, none of which exceeded two months.

[4] Husband and Wife remarried in 2007, and Wife filed the instant petition for dissolution of marriage in September 2015. A final hearing was held on May 16, 2016, and the trial court entered its final decree of dissolution on June 23, 2016. In its decree, the trial court concluded that an equal distribution of

property was just and reasonable. With respect to the portion of Husband's pension accruing prior to the date of separation in the 1995 dissolution, the trial court found that Husband and Wife would continue to receive the portions awarded in the 1995 decree. With respect to the amounts accruing after that date, the trial court awarded Wife fifty percent of the amount accruing from the date of the parties' cohabitation in 1995 through the date of Husband's retirement. The trial court did not, however, include the Wells Fargo investment accounts Husband and Wife held in their individual names among the assets it divided evenly, instead awarding Husband and Wife each the account held in his or her respective name without regard to the value thereof. The trial court awarded the bulk of the marital assets to Husband and ordered Husband to make an equalizing payment to Wife in the amount of $61,156.50. Husband was ordered to pay Wife a lump sum of $20,000 from a Harris Bank account he was awarded in the decree, and the remainder of the judgment was to be paid via a qualified domestic relations order (QDRO) from Husband's Wells Fargo account. This appeal ensued. Additional facts will be provided as necessary.

## Discussion & Decision

[1] The trial court in this case entered special findings of fact and conclusions thereon pursuant to Trial Rule 52(A). Our review of such findings and conclusions is two-tiered. *In re Paternity of D.T.*, 6 N.E.3d 471, 474 (Ind. Ct. App. 2014). First, we consider whether the evidence supports the findings, and second, whether the findings support the judgment. *Id.* The trial court's

findings and conclusions will be set aside only if they are clearly erroneous—that is, where a review of the record leaves us with a firm conviction that a mistake has been made. *Id.* In conducting our review, we will neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Instead, we will consider only the evidence favorable to the trial court's judgment. *Id.*

### 1. Tax Return

[2] We first address Husband's argument that the trial court's finding that Husband had retained the entirety of the parties' 2015 tax refund is clearly erroneous. According to Husband, it is undisputed that Husband paid Wife $1000 of the $3747 tax refund. Husband's argument in this regard is not supported by the record. Wife testified that the parties filed taxes jointly and the refund was placed in Husband's account, and that she had not received any of those funds. This testimony was sufficient to support the trial court's finding that Husband had kept the entire tax refund.

### 2. Husband's Pension

[3] Husband also argues that the trial court erred in including his pension as a marital asset.

> In Indiana, it is well-established that all marital property goes into the marital pot for division, whether it was owned by either spouse prior to the marriage, acquired by either spouse after the marriage and prior to the parties' final separation, or acquired by their joint efforts. *Hill v. Hill*, 863 N.E.2d 456, 460 (Ind. Ct. App. 2007); *see also* Ind. Code § 31-15-7-4(a) (2008). This "one-pot" theory ensures that all of the parties' assets are subject to the trial

court's power to divide and award. *Hill*, 863 N.E.2d at 460. "While the trial court may ultimately determine that a particular asset should be awarded solely to one spouse, it must first include the asset in its consideration of the marital estate to be divided." *Id*.

*Trabucco v. Trabucco*, 944 N.E.2d 544, 553 (Ind. Ct. App. 2011), *trans. denied*.

[4] Furthermore, pursuant to I.C. § 31-15-7-5, the trial court is required to divide the marital estate in a just and reasonable manner. An equal division is presumed just and reasonable, but a party may rebut this presumption by presenting evidence that an equitable division would not be just and reasonable, including evidence concerning the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>
>> (A) before the marriage; or
>>
>> (B) through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.

(4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.

(5) The earnings or earning ability of the parties as related to:

(A) a final division of property; and

(B) a final determination of the property rights of the parties.

*Id.* A party challenging the trial court's division of marital property must overcome a strong presumption that the dissolution court "considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *McCord v. McCord*, 852 N.E.2d 35, 43 (Ind. Ct. App. 2006) (quoting *DeSalle v. Gentry*, 818 N.E.2d 40, 44 (Ind. Ct. App. 2004)), *trans. denied*. Accordingly, we will reverse a property distribution only if there is no rational basis for the award, and although the circumstances may have justified a different property distribution, we may not substitute our judgment for that of the dissolution court. *Augspurger v. Hudson*, 802 N.E.2d 503, 512 (Ind. Ct. App. 2004).

Husband seems to suggest that only the portion of the pension accruing during the second marriage should have been included in the marital estate, as opposed to the amount accruing from the date of the parties' cohabitation following the first dissolution. As set forth above, however, the trial court is statutorily required to include in the marital pot all property owned by either spouse prior to the date of final separation, even if that property was acquired prior to the

marriage. *See also Kendrick v. Kendrick*, 44 N.E.3d 721, 729 (Ind. Ct. App. 2015) (trial court erred in failing to include the portion of the husband's pension earned before the marriage in the marital estate), *trans. denied*. Furthermore, to the extent Husband argues that an equal division of the pension was not just and reasonable, his arguments are nothing more than a request to reweigh the evidence and reach a different conclusion.[1] The trial court's distribution of the pension was not an abuse of discretion.

### 3. Wells Fargo Accounts

[6] On cross-appeal, Wife argues that the trial court erred by excluding Husband's Wells Fargo Account from the marital pot. We agree, and we further find that the trial court also erred in excluding Wife's Wells Fargo account.[2]

---

[1] Husband's citation to *In re Preston*, 704 N.E.2d 1093, 1097-99 (Ind. Ct. App. 1999), does not alter our conclusion. *Preston* involved a couple who, like the parties in this case, had been married twice. Also like this case, the husband's pension existed at the time of the first dissolution and was distributed by the first dissolution decree. Unlike this case, however, the trial court in the second dissolution effectively set aside the first decree's distribution of the pension, finding that the parties had erroneously concluded that the pension was not divisible at that time. The trial court then distributed the pension using a coverture fraction formula based on the combined length of the two marriages. This court determined that the trial court lacked authority to modify the first dissolution decree and that when a court elects to use a coverture fraction formula, it must be based on the length of the current marriage. *Id.* at 1099. The court in *Preston* did not hold that the portion of the pension accrued after the first dissolution but prior to the second marriage was not a divisible marital asset.

The trial court in this case elected not to use a coverture fraction formula to distribute the pension, and Husband makes no argument that it was required to do so. Moreover, the trial court expressly indicated that it was not disturbing the prior distribution of the portion of the pension that accrued before the first dissolution. Accordingly, *Preston* is of little relevance here.

[2] Husband claims that in *Crider v. Crider*, 26 N.E.3d 1045 (Ind. Ct. App. 2015), this court "found that the setting aside of [an] asset was within the trial court's discretion and the intent of the trial court was to equally divide the remaining assets." *Reply Brief* at 6. *Crider* does not support Husband's appellate arguments. As an initial matter, whether the trial court had erred in awarding the asset in question—the wife's inheritance— solely to the wife was not addressed in *Crider*, presumably because it was not raised by the parties. In any

[7] The trial court specifically found that an equal division of the marital estate was just and reasonable. However, rather than including the value of Husband's and Wife's Wells Fargo accounts in the marital estate, the trial court awarded Husband and Wife each the account held in their respective name, and then proceeded to divide the remaining assets evenly. It did so without assigning a value to either of the Wells Fargo accounts, and the testimony at the final hearing suggests that there was a significant disparity in the value of the two accounts. Specifically, there was testimony that Wife's Wells Fargo account was worth approximately $60,000, while Husband's Wells Fargo was worth over $125,000.[3] In sum, the trial court found that an equal division of the marital estate was just and reasonable, but it failed to effectuate an equal division when it excluded the Wells Fargo accounts from the marital estate. We therefore reverse the trial court's dissolution decree in this regard and remand with instructions to include both Wells Fargo accounts in the marital estate. We further instruct the trial court to enter findings either that an equal division of the entire marital estate is just and reasonable or that the

event, the trial court in that case included the inheritance in the marital pot, but found that a deviation from the presumption in favor of an equal division of the marital estate was justified. *See Crider*, 26 N.E.3d at 1048. The same cannot be said here, where the trial court specifically found that an equal division of the marital estate was just and reasonable.

[3] We have not been provided with the exhibits presented at the final hearing, which would presumably establish the values of these accounts with greater precision. We also note that the trial court found that there was a loan against Husband's Wells Fargo account and ordered Husband to pay one hundred percent thereof, but it did not indicate how much was owed. The amount of the loan is not clear from the record before us.

presumption in favor of an equal division has been rebutted, and to recalculate the division of marital assets accordingly. *See Kendrick*, 44 N.E.3d at 729.

[8] Judgment affirmed in part, reversed in part, and remanded with instructions.

[9] Kirsch, J. and Mathias, J., concur.