THE STATE EX REL. GOODEN, APPELLANT, *v.* KAGEL, CLERK, APPELLEE.

[Cite as *State ex rel. Gooden v. Kagel,* **138 Ohio St.3d 343, 2014-Ohio-869.**]

*Mandamus—R.C. 2969.25—Failure to attach required affidavits to petition is a fatal defect—Judgment denying writ affirmed.*

(No. 2013-1159—Submitted January 7, 2013—Decided March 13, 2014.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-0021.

————————————

**Per Curiam.**

**{¶ 1}** This is an appeal from the denial of a petition for a writ of mandamus that sought public records. Because appellant, Martine Gooden, failed to file the required supporting documents with his petition and because he failed to prove that the documents he sought were within the possession or control of appellee, Julie Kagel, Marion County Clerk of Courts, we affirm.

**Facts**

**{¶ 2}** On April 24, 2006, Gooden was ordered to pay restitution to several victims as part of his sentence for a criminal conviction. In his petition for a writ of mandamus, Gooden claimed that despite several requests, Kagel had failed to provide to him certified copies of the victim-loss statement for each victim.

**{¶ 3}** Gooden also claimed that the sentencing court failed to provide any creditable documentation of the victims' loss, which he asserted was "essential evidence that could sustain the judgment." He averred that he had repeatedly filed requests with Kagel seeking certified copies of the victim-loss statements from his criminal case but that Kagel had denied access to them.

**{¶ 4}** The Third District Court of Appeals issued an alternative writ ordering Kagel to respond to the complaint. Kagel responded that she was not

and had never been in possession of the documents Gooden was seeking. She also pointed out that Gooden appeared to be challenging the order for restitution, which could have been addressed in the direct appeal of his conviction.

{¶ 5} The court of appeals found that Gooden had not filed the documentation required by R.C. 2969.25 with his petition for a writ of mandamus. The court further found that Gooden had failed to attach any proof of his requests for the victim-loss statements or of Kagel's denial of those requests. The court also noted that Kagel had stated that victim-loss statements were not filed as part of any record related to Gooden in her custody and that Gooden had failed to point to a docket notation or other evidence that such statements had been filed. The court of appeals then held that Gooden had made only an unsubstantiated averment that the documents existed. For these reasons, the court dismissed the petition for a writ of mandamus.

**Legal Analysis**

{¶ 6} "Mandamus is the appropriate remedy to compel compliance with R.C. 149.43, Ohio's Public Records Act." *State ex rel. Physicians Commt. for Responsible Medicine v. Ohio State Univ. Bd. of Trustees*, 108 Ohio St.3d 288, 2006-Ohio-903, 843 N.E.2d 174, ¶ 6; R.C. 149.43(C)(1). However, unlike in other mandamus cases, " '[r]elators in public-records mandamus cases need not establish the lack of an adequate remedy in the ordinary course of law.' " *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 25, quoting *State ex rel. Am. Civ. Liberties Union of Ohio, Inc. v. Cuyahoga Cty. Bd. of Commrs.*, 128 Ohio St.3d 256, 2011-Ohio-625, 943 N.E.2d 553, ¶ 24. Therefore, insofar as Gooden wants to obtain public documents, he correctly filed an action in mandamus.

{¶ 7} However, R.C. 2969.25(C)(1) requires that an inmate who seeks waiver of the filing fees in an action, as Gooden requested, file both a waiver and an affidavit of indigence containing a statement of his balance in his inmate

account and a statement of his assets. Gooden failed to meet the requirements of R.C. 2969.25 because he failed to attach a statement of his inmate account as required by R.C. 2969.25(C).

{¶ 8} Moreover, Gooden has provided no evidence that any victim-loss statements were submitted to the clerk in his case. Therefore, because he has failed to prove by clear and convincing evidence that the victim-loss statements he requested even existed, he cannot show that Kagel had a legal duty to produce them. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26.

{¶ 9} The court of appeals properly held that Gooden was not entitled to a writ of mandamus because he failed to meet the requirements of R.C. 2969.25 and because he failed to show that the victim-loss statements that he requested existed. Accordingly, we affirm the judgment of the court of appeals dismissing the petition for a writ of mandamus.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Martine P. Gooden, pro se.

_____