[Cite as *State ex rel. Sinkfield v. Rocco*, 2014-Ohio-5555.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101579**

---

**STATE OF OHIO, EX REL.
MAURICE JASON SINKFIELD**

RELATOR

vs.

**ANDREA F. ROCCO**

RESPONDENT

---

**JUDGMENT:**
WRIT DENIED

---

Writ of Mandamus
Motion No. 479197
Order No. 480031

**RELEASE DATE:** December 17, 2014

**FOR RELATOR**

Maurice Jason Sinkfield
Inmate No. 633-111
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR RESPONDENT**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Robin M. Wilson
Assistant County Prosecutor
Cuyahoga County Dept. Of Law
2079 East 9th Street
Cleveland, Ohio 44115

LARRY A. JONES, SR., J.:

{¶1} On June 24, 2014, the relator, Maurice Sinkfield, commenced this mandamus action against the respondent, Cuyahoga County Clerk of Courts Andrea Rocco. Pursuant to R.C. 149.43, Ohio's public record statute, Sinkfield had asked the clerk to provide the following records: (1) the official criminal complaint and police reports, (2) the official arrest warrants and probable cause attachments, (3) the official sworn affidavits, and (4) the official signed plea agreement from *State v. Sinkfield*, Cuyahoga C.P. No. CR-12-564071-A.[1] He alleges that the clerk denied his requests, and consequently he brought this mandamus action.

{¶2} On September 4, 2014, the clerk moved for leave to file a motion to dismiss instanter. The motion to dismiss argued that the clerk had responded to Sinkfield's request by providing a letter that stated the proper procedure for obtaining records, including the necessity of submitting a self-addressed, stamped envelope and how to compute the exact sum needed for copies. This letter, which Sinkfield attached as an exhibit to his complaint, also stated which records the clerk keeps and which records other offices keep. For example, police reports and complaints are kept by the arresting agency. The sheriff's office maintains arrests warrants, and the prosecutor's office and/or the defendant's attorney would have a copy, if any, of a plea agreement. The motion to dismiss further stated that the clerk did not possess any of the requested records.

{¶3} Nevertheless, in the spirit of providing transparency pursuant to R.C. 149.43, the

---

[1] In the underlying case, the grand jury indicted Sinkfield for aggravated robbery and felonious assault, both with one- and three-year firearm specifications, and for tampering with evidence. Sinkfield pleaded guilty to aggravated robbery with the one-year firearm specification, and the other charges were nolled. The court sentenced him to a total of four years. The complaint summary and bond report indicate that Sinkfield was arrested on the same day as the offense, and there was no warrant issued. It also indicates that there was no municipal court appearance.

clerk had sent Sinkfield copies of those records that were closest in nature or name to his requests. Sinkfield had asked for the official criminal complaint, a charging instrument. Criminal complaints are governed by Crim.R. 3, which defines a complaint as "a written statement of the essential facts constituting the offense charged. It shall state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths." The clerk stated she did not have one of those. Instead, she sent the actual charging instrument, the indictment, which is governed by Crim.R. 7 and is issued by the grand jury and signed by the prosecutor. The clerk also sent Sinkfield a copy of the "Complaint summary and bond report." This is a Cuyahoga County Prosecutor Office form that states the basic information about the defendant, such as name, address, height, weight, race, and age, as well as listing the offenses charged, weapons used, and the arresting agency. It is not an affidavit, a police report, or an arrest warrant. Sinkfield also requested the official journalized signed plea agreement, which would be a written memorialization of the plea agreement between the prosecutor and the defendant and his defense counsel. The clerk states that she does not possess such a contract, but instead sent a copy of the guilty plea journal entry.

{¶4} On September 11, 2014, Sinkfield filed his opposition to the clerk's motion to dismiss. He did not acknowledge that any of the records he received were among those requested. Instead, he asserted that pursuant to Crim.R. 55, the requested records must be on the criminal appearance docket and must be in the clerk's possession.

{¶5} On September 22, 2014, this court granted the motion for leave to file instanter. Moreover, because the motion to dismiss included materials outside the pleadings, this court converted the motion to dismiss to a motion for summary judgment and ordered the parties to file admissible evidence, including affidavits pursuant to Civ.R. 56, as well as briefs in support of

their positions by October 10, 2014.

{¶6} On that day, the clerk filed a renewed dispositive motion. Attached to this motion was the affidavit of the clerk's Director of Special Projects. The affiant stated that she personally reviewed Sinkfield's file and determined that the clerk's office did not possess the requested records. Nevertheless, to fulfill the spirit of the public records law, she sent Sinkfield the records in the clerk's possession that appeared to be similar to the records requested, the indictment, the plea entry, and the complaint summary and bond report. Sinkfield did not submit any evidence or argument. Rather, he moved this court for an additional sixty days to reply to the clerk's submissions.

{¶7} A review of the underlying case's docket gives no reason to believe that the requested records were ever in the clerk's possession. The clerk's supporting affidavit confirms this. A writ of mandamus will not issue to compel a custodian of public record to provide records that are not in his possession or control. *State ex rel. Fant v. Mengel,* 62 Ohio St.3d 197, 580 N.E.2d 1085 (1991); and *State ex rel. Gooden v. Kagel*, 3d Dist. Marion No. 9-13-0021, 2014-Ohio-869.

{¶8} Accordingly, this court is convinced that there is no genuine issue of fact and that the clerk is entitled to judgment as matter of law. The court grants the clerk's motion for summary judgment and denies the application for a writ of mandamus. Costs assessed against relator; costs waived. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶9} Writ denied.

_____
LARRY A. JONES, SR., JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR