[Cite as *Darr v. Huber Heights*, 2018-Ohio-2911.]

| | |
|---|---|
| THERESA A. DARR | Case No. 2018-00084PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | REPORT AND RECOMMENDATION |
| CITY OF HUBER HEIGHTS | |
| Respondent | |

{¶1} Requester Theresa Darr sent respondent City of Huber Heights four public records requests from August 8, 2016 to October 20, 2016, which were assigned Request numbers by the City as follows: #22016, #32016, #42016, and #52016. (Complaint at 3-18.) The City advised Darr and her counsel that all four requests were duplicates of previous requests to which responsive records had been provided, and that all but #22016 were overly broad and failed to identify with reasonable clarity the records at issue. The City attempted to provide responsive records or explanations to all the requests. (*Id.* at 19-24; Response, Liberman Aff., Exhs. 1-6.)

{¶2} On January 22, 2018, Darr filed a complaint under R.C. 2743.75 alleging denial of access to public records by the City in violation of R.C. 149.43(B). On May 15, 2018, the court was notified that mediation had failed to resolve all disputed issues. On May 29, 2018, the City filed a combined response and motion to dismiss (Response). On May 31, 2018, the court issued an order requiring Darr to file a reply 1) listing the requests that had not been satisfied, 2) identifying for each request what records the City had already produced, and 3) identifying what specific, existing records the City had failed to produce. Darr filed a reply on June 25, 2018 that lists only Request #52016, and this report will therefore be confined to that request.[1]

---

[1] Although Darr does not directly state in her reply that her other requests have been satisfied, I note that mediator Holly True Shaver documented Darr's withdrawal of Request #32016, and Darr's agreement that Request #22016 had been resolved in its entirety, in her notices filed on March 2, 2018 and April 16, 2018, respectively.

**{¶3}** Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act "is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records." *State ex rel. Cincinnati Enquirer v. Hamilton Cty.*, 75 Ohio St.3d 374, 376, 662 N.E.2d 334 (1996). Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**{¶4}** The City moves to dismiss for failure to state a claim on the ground that all existing records responsive to Darr's request have been produced, rendering her claim moot.

**Motion to Dismiss**

**{¶5}** In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975). The unsupported conclusions of a complaint are, however, not admitted and are insufficient to withstand a motion to dismiss. *Mitchell* at 193.

**{¶6}** The issue of mootness cannot be determined in this case based solely on the complaint and attachments thereto. While respondent may provide support for this defense in its response, mootness is not proven on the face of the complaint. I therefore recommend that the motion to dismiss be DENIED, and the matter determined on the merits.

**Request #52016**

{¶7} Request #52016 is contained in a letter dated October 20, 2016 and makes the following request for each of twelve named City employees: "Any and All emails sent and/or received in [the employee's official capacity] from 12:10 am April 10, 2015 until 11:59 pm June 15, 2016." (Complaint at 14-18.) City counsel handling Darr's requests was in communication with Darr's legal counsel regarding this and other requests, until Darr's counsel advised that he was no longer representing her on public records issues. (Liberman Aff. at ¶ 6-13; Exh. 3.) On July 31, 2017, City counsel sent Darr a letter stating 1) that the documents subject to Request #52016 were a complete duplication of voluminous files already provided in prior requests, 2) that the request was overly broad, and 3) that the delay in responding directly to her was based on his belief that her counsel had been representing her on this request. (*Id.* at ¶ 14; Exhs. 4, 5.)

**Overly Broad Request**

{¶8} A general request for all email to and from a public employee for over five months was found overly broad, and therefore an improper request, in *State ex rel. Glasgow v. Jones*, 119 Ohio St. 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 4-5, 16-19. Accord *Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 4, 13, 28-32. Darr's original request was for all email to and from each of twelve public employees, for over fourteen months. Even Darr's revised request for seven weeks of each employee's email amounts, collectively, to twenty-one employee-months of email. In *State ex rel. Bristow v. Baxter*, 6th Dist. Erie Nos. E-17-060, E-17-067, E-17-070, 2018-Ohio-1973, ¶ 2, 12-16, the court found that requests for one-month periods of all email sent and received by multiple employees

was ambiguous and overly broad. I find that Request #52016 constituted an overly broad, improper request that the City was entitled to deny, and eventually did deny.

{¶9} First, the City attempted to satisfy the request using a word search for potentially responsive email, despite its reservations that the request was overly broad and voluminous. (Response at 7-12; Rogers Aff. at ¶ 9, 12, 17.) However, the City violated its statutory obligation to respond properly to the overly broad request at the point where it denied, or in the City's term, "objected to" the request. When an overly broad request is denied, R.C. 149.43(B)(2) requires the public office to

> provide the requester with an opportunity to revise the request by informing the requester of the manner in which records are maintained by the public office and accessed in the ordinary course of the public office's or person's duties.

The statute does not require the office to rewrite the request for the requester, but the office should convey relevant information to support revision of the request. Options include, but are not limited to: offering to discuss revision with the requester, *Zidonis* at ¶ 4-5, 40; *State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-20, providing the requester with a copy of the office's records retention schedule, *Zidonis* at ¶ 36, or other explanation of how office records are maintained and accessed. *Id.* at ¶ 35. A public office's voluntary effort to provide some responsive records, notwithstanding denial of the request, is considered favorably in evaluating its response. *Id.* at ¶ 39; *Morgan* at ¶ 6, 14.

{¶10} When he responded to Darr on July 31, 2017, counsel for the City did not accompany the City's denial for overbreadth with an invitation for Darr to revise the requests. He provided no information as to the manner in which records are maintained and accessed by the office. This constitutes a *per se* violation of R.C. 149.43(B)(2). *State ex rel. ESPN v. Ohio State Univ.*, 132 Ohio St.3d 212, 2012-Ohio-2690, 970 N.E.2d 939, ¶ 10-11. However, as in *ESPN*, Darr does not ask that respondent be ordered to inform her of the way the City maintains its email records, and thus is not entitled to relief other than this finding of violation. *Id.* at ¶ 12-15.

{¶11} Darr may of course file a new public records request for any specific, additional records she believes may exist. In the future, the parties are encouraged to make full use of the tools provided by the legislature to narrow overly broad requests. *See* R.C. 149.43(B)(2) and (B)(5). Mutually negotiated narrowing, clarification, or otherwise reasonable identification of desired records can help avoid litigation while fully accomplishing the purposes of the Public Records Act. To that end, the Act requires parties to cooperate early on with the goal of identifying the specific records sought while minimizing the burden on the public office. The courts favor reasonable cooperation to revise ambiguous and overly broad requests prior to litigation. *See Morgan* at ¶ 15-20.

### Suggestion of Mootness

{¶12} In an action to enforce R.C. 149.43(B), a public office may produce the requested records prior to the court's decision, and thereby render the claim for production moot. *State ex rel. Striker v. Smith*, 129 Ohio St.3d 168, 2011-Ohio-2878, 950 N.E.2d 952, ¶ 18-22. With respect to a list of Darr's recent public records requests, including all four that are the subject of the complaint, the Huber Heights Clerk of Council attests:

> On behalf of the City we have provided responses and documents responsive to all of Darr's requests;

> We performed word searches on all terms requested by Darr and have produced all documents responsive to the requests.

(Rogers Aff. at ¶ 8, 16-17.) Darr agrees that the City has produced 5,539 emails in response to Request #52016. (Reply at 2.) The City states that "[d]uring the mediation alone, the City provided * * * another 2300 pages of emails for #52016" (Response at 8, 13), but this is not necessarily inconsistent with the larger overall number Darr states she has received in response to this request.

{¶13} Although respondent provides only a general assertion of full compliance, Darr provides no evidence to the contrary other than her belief, based on pro-rating a

general estimate from the City's IT department, that there must have been more email in that time period. (Reply, Exh. 3.) However, even a reasonable and good faith belief by a requester, based only on inference and speculation, does not constitute the clear and convincing evidence necessary to establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Gooden v. Kagel,* 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 8. Under these circumstances, I find that the City has met its burden to establish that it has provided the records requested in Request #52016. *State ex rel. Toledo Blade Co. v. Toledo-Lucas County Port Auth.*, 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 14-16. The claim for production is therefore moot.

**Conclusion**

{¶14} Upon consideration of the pleadings and attachments, I recommend the court DENY requester's claim for production of records. I further recommend that the court find that respondent failed to respond to requester's overly broad request with the opportunity and information required by R.C. 149.43(B)(2). I recommend that costs be shared equally by the parties.

{¶15} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

**Filed June 27, 2018**
**Sent to S.C. Reporter 7/24/18**