[Cite as *Kanter v. Cleveland Hts.*, 2018-Ohio-4592.]

| | |
|---|---|
| GARRY KANTER | Case No. 2018-01092PQ |
| Requester | Special Master Jeffery W. Clark |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND HEIGHTS | |
| Respondent | |

{¶1} On May 6, 2018, requester Garry Kanter sent a letter to respondent City of Cleveland Heights making the following request:

> Please provide in electronic form all communications, messages, schedules, logs, and documents shared, between the City of Cleveland Heights - including, but not limited to, Police Chief Jeff Robertson - and employees of The Cleveland Jewish News, between March 20, 2013 and April 12, 2013, regarding Garry Kanter.

(Complaint at 2.) On May 15, 2018, the City responded that the request was "denied on the basis that it is vague, overly broad, and/or ambiguous because it fails to identify with reasonable and sufficient clarity the particular records being sought." (*Id.* at 2-3.) The City invited Kanter to revise his request, and offered to "discuss the manner in which the City ordinarily maintains and accesses its records such that you may craft a successful, revised request." (*Id.* at 3.) Over the next five weeks, the parties exchanged proposed modifications of the request. The City provided some explanation as to how it did and did not maintain records, and conducted an electronic search for a narrowed description of responsive email. (*Id.* at 6-48.)

{¶2} On July 18, 2018, Kanter filed a complaint under R.C. 2743.75 alleging denial of access to public records in violation of R.C. 149.43(B). Following unsuccessful mediation, the City filed a motion to dismiss (Response) on the grounds that the request was properly denied as vague, ambiguous, and overly broad. (Response, *passim.*)

{¶3} Ohio's Public Records Act, R.C. 149.43, provides a remedy for production of records under R.C. 2743.75 if the court of claims determines that a public office has denied access to public records in violation of R.C. 149.43(B). The policy underlying the Act is that "open government serves the public interest and our democratic system." *State ex rel. Dann v. Taft,* 109 Ohio St.3d 364, 2006-Ohio-1825, 848 N.E.2d 472, ¶ 20. Therefore, the Act is construed liberally in favor of broad access, and any doubt is resolved in favor of disclosure of public records. *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391, 2008-Ohio-4788, 894 N.E.2d 686, ¶ 13. Claims under R.C. 2743.75 are determined using the standard of clear and convincing evidence. *Hurt v. Liberty Twp.*, 5th Dist. Delaware No. 17CAI050031, 2017-Ohio-7820, ¶ 27-30.

**Motion to Dismiss**

{¶4} The City moves to dismiss the complaint on the grounds that Kanter's request is, on its face, vague, ambiguous and overly broad and therefore unenforceable. In construing a motion to dismiss pursuant to Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party. *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988). Then, before the court may dismiss the complaint, it must appear beyond doubt that plaintiff can prove no set of facts entitling him to recovery. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶5} As addressed below, the greater part of Kanter's request is ambiguous and overly broad. However, the City responded to an arguably proper embedded request within the generally improper language. Further, even if the entire request were ambiguous and overly broad on its face, the issue of whether the City properly responded in the course of denying the request would remain for determination. R.C. 149.43(B)(2). I recommend that the motion to dismiss be denied, and the case decided on the merits.

**Ambiguous and Overly Broad Requests**

{¶6} Kanter's complaint does not seek enforcement of any revision or clarification made during his correspondence with the City. His prayer for relief expressly states:

> Accordingly, I request that the Ohio Court of Claims compel the City of Cleveland Heights to provide all responsive documents as per my original PRR of May 6, 2018:

> Please provide in electronic form all communications, messages, schedules, logs, and documents shared, between the City of Cleveland Heights - including, but not limited to, Police Chief Jeff Robertson - and employees of The Cleveland Jewish News, between March 20, 2013 and April 12, 2013, regarding Garry Kanter.

A requester must reasonably identify the particular, existing public records sought. A request that is ambiguous or overly broad may be denied. R.C. 149.43(B)(2) provides:

> If a requester makes an ambiguous or overly broad request or has difficulty in making a request for copies or inspection of public records under this section such that the public office or the person responsible for the requested public record cannot reasonably identify what public records are being requested, the public office or the person responsible for the requested public record may deny the request.

It is thus "the responsibility of the person who wishes to inspect and/or copy records to identify with reasonable clarity the records at issue." *State ex rel. Zidonis v. Columbus State Community College*, 133 Ohio St.3d 122, 2012-Ohio-4228, 976 N.E.2d 861, ¶ 21. Indeed, without sufficiently specific request language on which to base an order of compliance, a court cannot later enforce alleged non-compliance:

> A general request, which asks for everything, is not only vague and meaningless, but essentially asks for nothing. At the very least, such a request is unenforceable because of its overbreadth. At the very best, such a request is not sufficiently understandable so that its merit can be properly considered.

*State ex rel. Zauderer v. Joseph*, 62 Ohio App.3d 752, 756, 577 N.E.2d 444 (10th Dist.). Requests for records "regarding" a topic are inherently problematic:

> A request to find *all* communications "regarding" a topic, to or from any employee, anywhere in the office, requires a needle-in-the-haystack search through the office's paper and electronic communications. It also requires

judgment calls as to whether any given communication — whether personal, tenuous, or duplicative — is "regarding" the topic. If a public office attempts such a universal search, the time involved results in delay for the requester. Nor can a public office assume that agreeing to "do the best it can" with an ambiguous or overly broad request, instead of denying it, will shield it from liability. *See State ex rel. Bott Law Group, LLC v. Ohio Dep't of Natural Res.*, 10th Dist. Franklin No. 12AP-448, 2013-Ohio-5219. The dilemma for the public office may not be whether the public office can identify *any* records responsive to the request, but whether the terms of the request permit it to reasonably identify *all* responsive records.

(Emphasis Sic.) *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety*, Ct. of Cl. No. 2017-00051-PQ, 2017-Ohio-4247, ¶ 10.

{¶7} Judicial determination of whether an office has properly denied a request as ambiguous or overly broad is based on the facts and circumstances in each case, *Zidonis* at ¶ 26. In this case, I find that Kanter's request is ambiguous and overly broad based on the following facts and circumstances:

{¶8} First, instead of naming the persons whose correspondence is sought (other than Chief Robertson), the request requires the office to conduct research to find correspondents based on their relationship to organizations, e.g. correspondents within "the City of Cleveland Heights" and "employees of The Cleveland Jewish News." A request is ambiguous or overly broad when it identifies correspondents only as belonging to offices, titles, groups or categories, for which research is required to recognize membership. *State ex rel. Oriana House, Inc. v. Montgomery*, 10th Dist. Franklin Nos. 04AP-492, 04AP-504, 2005-Ohio-3377, ¶ 9, overturned on other grounds, 107 Ohio St.3d 1694, 2005-Ohio-6763, 840 N.E.2d 201; *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety* at ¶ 11.

{¶9} Second, the request is ambiguous and overly broad in requesting a search through the email system and paper files of the entire City for any correspondence "regarding Garry Kanter." A public office is not obliged to "seek out and retrieve those records which would contain the information of interest to the requester." *Fant v. Tober*, *supra*. *State ex rel. O'Shea & Assocs. Co., L.P.A. v. Cuyahoga Metro. Hous. Auth.*, 190

Ohio App.3d 218, 2010-Ohio-3416, ¶ 7-11 (8th Dist.), *rev'd in part on other grounds*, 131 Ohio St.3d 149, 2012-Ohio-115, 962 N.E.2d 297; *State ex rel. Morgan v. Strickland*, 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 14-15; *State ex rel. Thomas v. Ohio State Univ.*, 71 Ohio St.3d 245, 246, 643 N.E.2d 126 (1994); *Gannett GP Media, Inc. v. Ohio Dept. of Pub. Safety* at ¶ 10. In a closely analogous case, *State ex rel. Dillery v. Icsman*, 92 Ohio St.3d 312, 314, 750 N.E.2d 156 (2001), the Supreme Court held that a request for "any and all records generated * * * containing any reference whatsoever to Kelly Dillery" failed to identify the records sought with sufficient clarity.

{¶10} Third, the request is not limited to a specific City department, an investigatory file, a media officer, a record retention series, email domain(s), or any other means of reasonably limiting the boundaries of retrieval within the administrative offices of the City of Cleveland Heights.

{¶11} Fourth, the request asks that the search be made through "all communications, messages, schedules, logs, and documents shared" – general terms that do not reasonably identify well-defined categories of office records. *See generally Gupta v. Cleveland*, Ct. of Cl. No. 2017-00840PQ, 2018-Ohio-3475.

{¶12} I find that Kanter's request is improperly ambiguous and overly broad, does not reasonably identify the records sought, and is therefore unenforceable under the Public Records Act.

### Efforts to Satisfy Embedded Request

{¶13} Despite the ambiguous and overly broad nature of Kanter's request, the City not only provided him with information and opportunity to revise the request as required by R.C. 149.43(B)(2), but proceeded with efforts to satisfy the request. A public office's voluntary effort to provide some responsive records, notwithstanding denial of the request, is considered favorably in evaluating its response. *State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 6, 14.

{¶14} A proper request embedded within an otherwise ambiguous or overly broad request may be enforceable. In *State ex rel. Glasgow v. Jones,* 119 Ohio St.3d 391,

2008-Ohio-4788, 894 N.E.2d 686, ¶ 5, 17-24, a request for all of a state representative's email for five months was found overly broad, but embedded language – "including, but not limited to [a particular house bill]" – was sufficiently narrow to be a proper request. Kanter's request arguably contains an embedded request for email "communications * * * between * * * Police Chief Jeff Robertson - and * * * The Cleveland Jewish News, between March 20, 2013 and April 12, 2013, regarding Garry Kanter." Having identified this narrower albeit still problematic request, and in agreement with Kanter, the City conducted an electronic search for "all e-mails between former Police Chief Jeff Robertson and the Cleveland Jewish News between March 20, 2013 and April 11, 2013 inclusive, with the keyword search for 'Kanter' irrespective of capitalization." (Complaint at 3, 43-45.) The City later ran additional searches

> with self-selected keywords, to determine whether any records remotely responsive to your request exist. The City's searches generated no such records.

(*Id*. at 47.)

{¶15} A public office has no duty to provide records that do not exist, or that it does not possess. *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 5, 8-9; *State ex rel. Morabito v. Cleveland*, 8th Dist. 98829, 2012-Ohio-6012, ¶ 14. Even had Kanter disputed the City's assertion that the embedded request was properly processed, a requester's mere disbelief does not constitute the clear and convincing evidence necessary to establish that responsive documents exist. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 22-26; *State ex rel. Gooden v. Kagel,* 138 Ohio St.3d 343, 2014-Ohio-869, 6 N.E.3d 471, ¶ 8.

**Conclusion**

{¶16} Upon consideration of the pleadings and attachments, I recommend that the court find that requester's public records request has been rendered moot and/or was properly denied by respondent as ambiguous and overly broad. Accordingly, I

recommend that the court issue an order DENYING requester's claim for production of records. I recommend that court costs be assessed to the requester.

{¶17} The Public Records Act requires parties to cooperate with the goal of identifying the specific records sought while minimizing the burden on the public office. The parties are encouraged to fully utilize the tools provided by R.C. 149.43(B)(2) through (7) in negotiating future requests. Early cooperation can result in timely, mutually satisfactory revision of overly broad requests, and is favored by the courts. *See State ex rel. Morgan v. Strickland,* 121 Ohio St.3d 600, 2009-Ohio-1901, 906 N.E.2d 1105, ¶ 15-20.

*{¶18} Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

_____
JEFFERY W. CLARK
Special Master

**Filed October 23, 2018**
**Sent to S.C. Reporter 11/14/18**