**[Cite as *Reigert v. Ohio Med. Bd.*, 2023-Ohio-4557.]**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| John Reigert, | : | |
| Requester-Appellant/ Cross-Appellee, | : | No. 23AP-310 and |
| | : | No. 23AP-316 |
| v. | | (Ct. of Cl. No. 2022-00750PQ) |
| | : | |
| State of Ohio Medical Board, | : | (REGULAR CALENDAR) |
| Respondent-Appellee/ Cross-Appellant. | : | |
| | : | |

D E C I S I O N

Rendered on December 14, 2023

**On brief:** *John Reigert*, pro se. **Argued:** *John Reigert*.

**On brief:** *Dave Yost*, Attorney General, and *Katherine Bockbrader*, for respondent-appellee/cross-appellant. **Argued:** *Katherine Bockbrader*.

APPEAL from the Court of Claims of Ohio

LUPER SCHUSTER, J.

{¶ 1} Requestor-appellant/cross-appellee, John Reigert, pro se, appeals from a decision and entry of the Court of Claims of Ohio ordering respondent-appellee/cross-appellant, State of Ohio Medical Board ("medical board"), to produce certain records responsive to one of Reigert's requests for public records but denying Reigert relief on his four other requests for public records. The medical board cross-appeals from the same decision and entry related to the order that the board produce records relative to one of Reigert's requests. For the following reasons, we affirm in part and reverse in part.

## I.  Facts and Procedural History

{¶ 2}   In November and December 2022, Reigert made several requests for records to the medical board related to "complaint case 2020-8005." (Am. Compl. at 2.)  Of the requests he made over the course of several months, Reigert alleges the medical board improperly refused to provide him records responsive to five of his requests.  In its responses to Reigert related to those five requests, the medical board stated the records Reigert sought either did not exist or were confidential and not subject to a public records request.

{¶ 3}   Reigert then initiated the instant action, originally filing a formal complaint in the Court of Claims for public record access on October 25, 2022.  Subsequently, on January 6, 2023, Reigert filed an amended complaint asserting he was entitled to the requested records.  In the amended complaint, Reigert states his requests for records relate to the medical care associated with the death of his daughter.  Specifically, Reigert's amended complaint set forth the following five requests for records:

> [1.] Provide the name of the Investigator for case 2020-8005, his/her years of experience with the Board, qualifications and immediate prior employment.
>
> [2.] Provide all records that identify all consultants that contributed to the Standards Review of case 2020-8005.
>
> [3.] Provide all records that identify all employees of [the medical board] that contributed to the Standards Review of case 2020-8005 and the medical qualifications of each.
>
> [4.] Provide all medical records of [Reigert's daughter], case 2020-8005, that were specifically subpoenaed by [the medical board] Standards Review section per the Standards Review Process Manual, Subpoena Processing, page 1. (You have my confidentiality waiver).
>
> [5.] Provide the Medical Board interview of expert cancer pathologist Dr. [D.] regarding his report/evidence that [Reigert's daughter's] cancer was misdiagnosed by Dr. [B.] and that he was grossly negligent and failed the minimum standards of medical care, violating [R.C.] 4731.22(B)(6).

(Am. Compl. at 2-6.)  The medical board initially provided Reigert the identical following response to each of the five requests:

There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Sections 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

(Am. Compl. at 1.)  Reigert then sought clarification of the medical board's denials of his requests, and the medical board provided the following more specific responses related to each request:

[1.] There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Sections 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

[2.] There are no responsive public records.  This information relating to standards review that may exist are not public record under Sections 4731.22(O), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

[3.] There are no responsive public records.  This information relating to standards review that may exist are not public record under Sections 4731.22(O), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

[4.] There are no responsive public records.  Materials relating to standards review that may exist are not public record under Sections 4731.22(O), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

[5.] There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Sections 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

(Am. Compl. at 2-6.)

{¶ 4}  The medical board filed a combined response and motion to dismiss on February 13, 2023, including an affidavit of David Katko and copies of correspondence between Reigert and the medical board.  In March 2023, a Court of Claims appointed Special Master held a status conference and ordered the medical board to submit additional

documents under seal for in camera review. The medical board submitted additional documents on March 16, 2023.

{¶ 5} On March 23, 2023, the Special Master issued a report and recommendation ruling in favor of the medical board on requests one, two, four, and five but ruling in favor of Reigert on request number three. Both Reigert and the medical board filed objections to the Special Master's report and recommendation. In an April 19, 2023 decision and entry, the Court of Claims overruled both parties' objections and adopted the recommendation of the Special Master. The Court of Claims ordered the medical board to provide Reigert with the requested records responsive to request number three. Both Reigert and the medical board timely appeal.

## II. Assignments of Error

{¶ 6} Reigert assigns the following two assignments of error for our review:

> [1.] Harmful Judicial error and abuse of discretion, that was contrary to the obvious facts, caused the unreasonable dismissal of Amended Complaint public record request Claim 1 in the Judicial Decision.

> [2.] Harmful Judicial error and abuse of discretion, that was contrary to the obvious facts, caused erroneous adjudication in the Judicial Decisions of Amended Complaint public record requests Claims 1,2,3,4,5.

(Sic Passim.)

{¶ 7} The medical board cross-appeals and assigns the following sole assignment of error for our review:

> The lower court erred in holding that producing the records sought in Request No. 3 would not violate the Medical Board's confidentiality statute, R.C. 4731.22(F)(5).

## III. Discussion

{¶ 8} Because Reigert's two assignments of error and the medical board's sole cross-assignment of error are interrelated, we address them jointly. Reigert asserts the trial court erred in denying four of his five requests for records while the medical board asserts the trial court erred in granting one of Reigert's requests.

{¶ 9} At issue is whether the medical board had a duty to provide documents in response to any of Reigert's five public records requests pursuant to Ohio's Public Records Act, R.C. 149.43. The Public Records Act requires a public office, upon request, to promptly make public records available for inspection or to provide copies of the records within a reasonable period of time. R.C. 149.43(B)(1). For the purposes of R.C. 149.43, "public record" means "records kept by any public office, including but not limited to, state, county, city, village, township, and school district units, and records pertaining to the delivery of educational services by an alternative school in this state kept by the nonprofit or for-profit entity operating the alternative school pursuant to section 3313.533 of the Revised Code." R.C. 149.43(A)(1). "Records" are "any document, device, or item, regardless of physical form or characteristic, including an electronic record as defined in section 1306.01 of the Revised Code, created or received by or coming under the jurisdiction of any public office of the state or its political subdivisions, which serves to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." R.C. 149.011(G). However, "[r]ecords the release of which is prohibited by state or federal law" are not "public records." R.C. 149.43(A)(1)(v).

{¶ 10} A requester bears the burden of proving, by clear and convincing evidence, that the requested records exist and are public records maintained by the respondent. *State ex rel. Cordell v. Paden*, 156 Ohio St.3d 394, 2019-Ohio-1216, ¶ 8, citing *State ex rel. Gooden v. Kagel*, 138 Ohio St.3d 343, 2014-Ohio-869, ¶ 8. The custodian of the records then has the burden to establish the applicability of an exception to disclosure of a public record. *State ex rel. Cincinnati Enquirer v. Jones-Kelley*, 118 Ohio St.3d 81, 2008-Ohio-1770, paragraph two of the syllabus ("[e]xceptions to disclosure under the Public Records Act, R.C. 149.43, are strictly construed against the public-records custodian").

{¶ 11} The issue here is whether the requested records are for information excluded from the general definition of a "public record" under R.C. 149.43. The medical board argues all five of Reigert's requests are for information specifically excluded from the definition of "public record" pursuant to R.C. 149.43(A)(1)(v), as release of that information is prohibited by state law. More particularly, the medical board asserts R.C. 4731.22(F)(5) prohibits the release of information contained in all five of Reigert's requests, and, therefore, Reigert has not identified any records that satisfy the definition of "public record"

because state law prohibits the release of the requested records. *See State ex rel. Miami Student v. Miami Univ.*, 79 Ohio St.3d 168, 170 (1997) (noting R.C. 149.43 "provides for full access to all public records upon request unless the requested records fall within one of the specific exceptions listed in the Act" and one such exception is records "the release of which is prohibited by state or federal law"). (Internal quotations omitted.) Whether the requested records satisfy the definition of "public record" within the meaning of R.C. 149.43 presents a question of law we review de novo. *Walsh v. Ohio Dept. of Health*, 10th Dist. No. 21AP-109, 2022-Ohio-272, ¶ 8, citing *Ceccarelli v. Levin*, 127 Ohio St.3d 231, 2010-Ohio-5681, ¶ 8.

{¶ 12} R.C. 4731.22(F)(5) provides: "A report required to be submitted to the board under this chapter, a complaint, or information received by the board pursuant to an investigation or pursuant to an inspection under division (E) of section 4731.054 of the Revised Code is confidential and not subject to discovery in any civil action." The medical board argues the plain language of this statute excludes the medical board's investigative records from the definition of public record and, therefore, the records are not subject to a request made pursuant to R.C. 149.43. We agree.

{¶ 13} The Supreme Court of Ohio has held that, based on the plain language of R.C. 4731.22, there is "a 'clear legislative directive,' * * * that the Medical Board's investigative records are not public records' " subject to disclosure under the Public Records Act. *State ex rel. Wallace v. State Med. Bd.*, 89 Ohio St.3d 431, 434 (2000) (noting the current version of R.C. 4731.22(F)(5) is "virtually the same" as former R.C. 4731.22(C)(1) and applying the interpretation of the former version of the statute to the current version of R.C. 4731.22), quoting *State Med. Bd. of Ohio v. Murray*, 66 Ohio St.3d 527, 536 (1993) (holding information contained in the medical board's records "is to be kept confidential at all times and is not, under any circumstances, * * * discoverable in a civil action"). Thus, the Supreme Court expressly held that "the Medical Board's investigative records" are not subject to disclosure under R.C. 149.43 because, based on R.C. 4731.22, the medical board's investigative records are "records the release of which is prohibited by state or federal law." (Internal quotations omitted.) *Wallace* at 434. Therefore, "the Medical Board's investigative records are not public records within the meaning of R.C. 149.43." *Id.* Following *Wallace*, we agree with the medical board that its investigative records are not

public records within the meaning of R.C. 149.43. *State ex rel. Welden v. Ohio State Med. Bd.*, 10th Dist. No. 11AP-139, 2011-Ohio-6560, ¶ 14. The question then becomes whether Reigert's requests were for the medical board's investigative records within the meaning of R.C. 4731.22(F)(5).

{¶ 14} As noted above, the burden is on the custodian of the requested records to prove "that the requested records fall squarely within the exception" to disclosure under R.C. 149.43. *Cincinnati Enquirer* at paragraph two of the syllabus. Thus, we must examine each of Reigert's five requests for public records to determine whether the trial court appropriately found the medical board either did or did not satisfy its burden to demonstrate that the requested records fall within an exception to disclosure under R.C. 149.43. Because it aids the analysis, we will address the requests out of order.

**A. Request No. 1**

{¶ 15} Reigert's first request for records is as follows:

> [1.] Provide the name of the Investigator for case 2020-8005, his/her years of experience with the Board, qualifications and immediate prior employment.

(Am. Compl. at 2.) The medical board provided Reigert the following response:

> There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Section 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

(Am. Compl. at 2.) Reigert argues the trial court erred when it found the medical board properly denied his first request. The medical board responds that this request was not a proper request for two reasons: (1) it is a request for information but not for a specific record, and (2) to the extent it is a request for a record, it is a request for an investigative record that is confidential, pursuant to R.C. 4731.22(F)(5), and thus not subject to disclosure. We agree with the medical board.

{¶ 16} As the trial court noted, a requester bears the burden of identifying "with reasonable clarity" the public records at issue. *State ex rel. Horton v. Kilbane*, 167 Ohio St.3d 413, 2022-Ohio-205, ¶ 19, citing *State ex rel. Morgan v. New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, ¶ 29. We agree with the trial court that although Reigert was

clear about the *information* he sought, he did not identify with reasonable clarity the public records that would contain such information.

{¶ 17} Moreover, we agree with the medical board that, even construing Reigert's first request as one for a public record rather than merely for information, the request for information about the medical board investigator for a particular medical board investigation falls squarely within the confidentiality of investigative records in R.C. 4731.22(F). *See Wallace* at 434. In explaining its holding that the medical board's investigative records are not subject to disclosure as public records, the Supreme Court explained the purpose of the former version of R.C. 4731.22, while also determining its analysis applies to the current version of R.C. 4731.22(F). Specifically, the Supreme Court noted that "[s]everal groups have a privilege of confidentiality in the Medical Board's investigative files," and "[t]hese groups include patients, physicians who are under investigation, investigation witnesses, and any other persons whose confidentiality right is implicated by a Medical Board investigation." *Wallace* at 435. Thus, the Supreme Court held that "the Medical Board cannot unilaterally waive others' privileges to confidentiality, because the Medical Board is not the holder of those privileges." *Id.* at 436. Instead, "[t]he holder of the confidentiality privilege is the one who must waive it before the contents of the Medical Board's investigative files relating to that person may be divulged." *Id.* at 435. It must follow, then, that records confirming the existence of a medical board investigation where the physician under investigation has not waived his or her privilege of confidentiality are "investigative records." As noted above, the medical board's investigative records are not public records within the meaning of R.C. 149.43.

{¶ 18} While Reigert attempts to avoid the application of R.C. 4731.22(F) by separating the investigator from the investigation, itself, we are not persuaded. Any records containing the identify and qualifications of the investigator *assigned to a particular case* would, at minimum, confirm the existence of the investigation which, in turn, would implicate the confidentiality privilege of a physician under investigation. *See Wallace* at 435-36 (noting the privilege of confidentiality in the Medical Board's investigative files extends to "physicians who are under investigation," and "the Medical Board cannot unilaterally waive others' privileges to confidentiality").

{¶ 19} Accordingly, we agree with the medical board that because Reigert's first request was for medical board investigative records that are not public records within the meaning of R.C. 149.43, the medical board did not deny Reigert access to public records under R.C. 2743.75(F)(3). Thus, the trial court did not err in finding Reigert is not entitled to relief on his first request.

**B. Requests No. 2, 4, and 5**

{¶ 20} The trial court additionally found Reigert was not entitled to relief on his second, fourth, and fifth requests for records. Because the same analysis applies to these three requests, we address them jointly.

{¶ 21} Reigert's second, fourth, and fifth requests for records are as follows:

> [2.] Provide all records that identify all consultants that contributed to the Standards Review of case 2020-8005.
>
> [4.] Provide all medical records of [Reigert's daughter], case 2020-8005, that were specifically subpoenaed by [the medical board] Standards Review section per the Standards Review Process Manual, Subpoena Processing, page 1. (You have my confidentiality waiver).
>
> [5.] Provide the Medical Board interview of expert cancer pathologist Dr. [D.] regarding his report/evidence that [Reigert's daughter's] cancer was misdiagnosed by Dr. [B.] and that he was grossly negligent and failed the minimum standards of medical care, violating [R.C.] 4731.22(B)(6).

(Am. Compl. at 3-6.) The medical board provided Reigert the following responses to each of the requests:

> [2.] There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or applicant that may exist are not public record under Section 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.
>
> [4.] There are no responsive public records. Materials relating to standards review that may exist are not public record under Sections 4731.22(O), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.
>
> [5.] There are no responsive public records. Complaints and/or investigative materials about a Medical Board licensee or

> applicant that may exist are not public record under Section 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

(Am. Compl. at 3-6.) Reigert argues the trial court erroneously denied him relief related to his second, fourth, and fifth requests when it found that he failed to satisfy his burden demonstrating, by clear and convincing evidence, that the requested records exist. Even assuming Reigert satisfied his burden to demonstrate the requested records exist, we nonetheless find the trial court correctly denied Reigert relief on these requests for a different reason: the requests are for medical board investigative records and are therefore not public records subject to disclosure. *See State ex rel. Jones v. Hogan*, 166 Ohio St.3d 213, 2021-Ohio-3567, ¶ 8 (an appellate court may affirm a lower court's judgment but for different reasons).

{¶ 22} In Reigert's second, fourth, and fifth requests, he seeks records related to individuals who may have worked on a particular medical board case as well as copies of the actual records involved in a particular medical board investigation. As we explained in our analysis of Reigert's first request for records, a record that would confirm the existence of a particular medical board investigation would necessarily implicate the privilege of confidentiality of a physician under investigation. Thus, because Reigert's second, fourth,[1] and fifth requests seek records that either would identify individuals involved in a particular medical board investigation or would require the disclosure of the substantive materials used as part of the medical board investigation, these requests fall squarely within the confidentiality of medical board investigative records in R.C. 4731.22(F). We also note that, with respect to Reigert's fourth request, R.C. 149.43(A)(1)(a) specifically excludes medical records from the definition of public records, so Reigert is not entitled to relief on his fourth request for that additional reason.[2]

---

[1] With respect to the fourth request, the medical board argues the Special Master found, and Reigert concedes, that Reigert voluntarily dismissed his request for relief related to the fourth request and argues we need not consider the merits of his arguments related to the fourth request. We are unable to discern from Reigert's brief whether he is conceding that he dismissed his claim related to the fourth request or whether he is challenging the Special Master's finding that he dismissed that claim. Thus, we consider Reigert's arguments related to the denial of his fourth request.

[2] The medical board argues we should dispose of Reigert's fourth request solely on the basis of R.C. 149.43(A)(1)(a). Because we construe Reigert's fourth request as seeking information related to the interplay of the medical board investigation and the materials the medical board reviewed (here, medical records), we deem it appropriate to consider the impact of R.C. 4731.22(F)(5) on Reigert's fourth request.

{¶ 23} Because Reigert's second, fourth, and fifth requests are for medical board investigative records that are not public records within the meaning of R.C. 149.43, the medical board did not deny Reigert access to public records under R.C. 2743.75(F)(3) when it denied those requests. Thus, we agree with the trial court that Reigert is not entitled to relief on his second, fourth, and fifth requests but for different reasons than the trial court. *See*, *e.g.*, *State ex rel. Neguse v. McIntosh*, 161 Ohio St.3d 125, 2020-Ohio-3533, ¶ 10 (an appellate court may utilize alternate grounds for affirmance).

**C. Request No. 3**

{¶ 24} Finally, we turn to Reigert's third request for records. This request was the only request for which the trial court found in favor of Reigert. The third request is as follows:

> [3.] Provide all records that identify all employees of [the medical board] that contributed to the Standards Review of case 2020-8005 and the medical qualifications of each.

(Am. Compl. at 3.) The medical board provided the following response:

> There are no responsive public records. This information relating to standards review that may exist are not public record under Sections 4731.22(O), 4731.22(F)(5), 149.43(A)(1)(h), and 149.43(A)(1)(v), Ohio Revised Code.

(Am. Compl. at 3.) The trial court determined the medical board wrongly denied Reigert access to public records on grounds that his third request was a request for personnel records and thus did not fall within the purview of R.C. 4731.22(F)(5). We disagree with the trial court.

{¶ 25} It is well-established that the personnel records of public employees "are generally regarded as public records, absent proof of an exemption." *State ex rel. Ohio Patrolmen's Benevolent Assn. v. Mentor*, 89 Ohio St.3d 440, 444 (2000), citing *State ex rel. Multimedia, Inc. v. Snowden*, 72 Ohio St.3d 141, 142-43 (1995). Here, the trial court found the medical board failed to prove the personnel records fell within the confidentiality requirement of R.C. 4731.22(F)(5) because the records related only to medical board personnel and did not, in the trial court's view, relate to any facts of the investigation. Indeed, the trial court deemed the records "personnel records *unrelated to any investigation*." (Emphasis added.) (Decision at 7.) However, such framing of Reigert's

request directly contradicts the plain language of his request seeking personnel records of medical board employees *that contributed to a particular investigation.* We cannot ignore, as the trial court did, the link between the personnel records and the participation of the individuals in a particular medical board investigation. When read in context, Reigert's request for records of medical board employees that contributed to a particular case would necessarily confirm the existence of a particular case and would thereby impact the privilege of confidentiality extended to a physician under investigation. *See State ex rel. Mahajan v. State Med. Bd. of Ohio,* 127 Ohio St.3d 497, 2010-Ohio-5995, ¶ 36 (noting R.C. 4731.22(F)(5) does not "specify that information is confidential only if it is contained in certain types of board records, i.e., in investigative as opposed to personnel records," but rather "[t]he statutory language instead broadly protects any information received during the investigation regardless of the type of board record in which it is contained"). Pursuant to the Supreme Court's decision in *Wallace* and the plain language of R.C. 4731.22(F)(5), we find the records Reigert requests under his third request are necessarily "investigative records" confirming the existence of a medical board investigation and, as noted above, the medical board's investigative records are not public records within the meaning of R.C. 149.43.

{¶ 26} Nothing in this decision should be read to suggest that a request for a medical board employee's personnel record must always fall outside the meaning of a public record, and an appropriate request for a medical board personnel record may still be subject to disclosure as a public record under different circumstances. Instead, we hold, as we have outlined above, that where a request for records is explicitly tied to the existence of a particular medical board case, would confirm the existence of the case, and would implicate the privilege of confidentiality of a particular physician who has not waived the privilege of confidentiality, that request is one for "investigative records" made confidential by R.C. 4731.22(F)(5) and thus is not a public record within the meaning of R.C. 149.43.

{¶ 27} Accordingly, we agree with the medical board that the trial court appropriately overruled Reigert's objections to the Special Master's report and recommendation related to the first, second, fourth, and fifth requests but erred in overruling the medical board's objection to the report and recommendation related to the third request. The trial court should have denied Reigert relief on all five of his requests for

public records as all five of his requests were explicitly tied to the existence of a particular medical board case, would confirm the existence of the case, and would implicate the privilege of confidentiality of a particular physician who has not waived the privilege. Therefore, all five of Reigert's requests were for "investigative records" of the medical board made confidential by R.C. 4731.22(F)(5) and are not "public records" pursuant to R.C. 149.43(A)(1)(v). We are certainly sympathetic to the loss suffered by Reigert. However, as we have explained, the materials he requests are not available pursuant to a public records request. For these reasons, we overrule Reigert's first and second assignments of error and sustain the medical board's sole cross-assignment of error.

## IV. Disposition

{¶ 28} Based on the foregoing reasons, the trial court did not err in denying Reigert relief on four of his five requests for public records but erred in granting Reigert relief on one of his requests for public records as all five of his requests were for medical board investigative records that are confidential, pursuant to R.C. 4731.22(F)(5), and thus are not public records within the meaning of R.C. 149.43. Having overruled Reigert's first and second assignments of error and having sustained the medical board's sole cross-assignment of error, we affirm in part and reverse in part the judgment of the Court of Claims of Ohio and remand this matter to that court for further proceedings in accordance with law and consistent with this decision.

*Judgment affirmed in part and reversed in part;*
*cause remanded.*

DORRIAN and LELAND, JJ., concur.

————————————