GUARDIAN HOME NURSING, INC., Appellee,

v.

MEDINA COUNTY HEALTH DEPARTMENT et al., Appellants.

[Cite as *Guardian Home Nursing, Inc. v. Medina Cty.
Health Dept.* (1996), 113 Ohio App.3d 734.]

Court of Appeals of Ohio,
Ninth District, Medina County.

No. 2516–M.

Decided Aug. 28, 1996.

*Jeffrey Holland* and *Gregory L. Hail,* for appellee.

*Dean Holman,* Medina County Prosecuting Attorney, and *Michael K. Lyons,* Assistant Prosecuting Attorney, for appellant.

QUILLIN, Presiding Judge.

The Medina County Health Department appeals from a judgment of the Medina County Court of Common Pleas ordering it to release the names and addresses of its home health care clients pursuant to R.C. 149.43. We reverse.

On December 4, 1995, the Medina County Board of Health announced that it planned to transfer all of the health department's home health care clients to Tri-County Home Nurses, Inc. ("Tri–County"). On December 6, 1995, Guardian Home Nursing, Inc. ("Guardian") delivered to the health department a written request for a list of the names, addresses and telephone numbers of all persons who were currently receiving home health care services from the health department. The health department denied Guardian's request.

On December 11, 1995, Guardian filed a complaint in the Medina County Court of Common Pleas requesting that a temporary restraining order and a permanent injunction be issued preventing the health department from transferring its home health care clients to Tri–County until Guardian had an opportunity to inspect and copy the list of the home health care clients. On December 21, 1995, the trial court found that under the public records statute, R.C. 149.43, the health department was required to make available to Guardian the names and addresses of people to whom it was providing home health care.

On December 22, 1995, the health department appealed the trial court's ruling. On January 11, 1996, this court allowed the health department to continue to transfer its clients on a case-by-case basis to other health care providers. To prevent the appeal from becoming moot, however, the health department was enjoined from disposing of the records containing the names, addresses, and phone numbers of its home health care clients.

Assignment of Error:

"The trial court was in error when it determined the names and addresses of the clients of the home health program operated by the Medina County Board of Health are public records subject to disclosure pursuant to Ohio Revised Code Section 149.43."

Generally, "[a]ll public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours." R.C. 149.43(B). Nevertheless, the general rule regarding disclosure of all public records is subject to certain exceptions. For instance, R.C. 149.431, which governs the disclosure of the financial records of organizations receiving government funds, provides:

"(A) Any governmental entity or agency * * * that enters into a contract or other agreement with the federal government, a unit of state government, or a political subdivision or taxing unit of this state for the provision of services shall keep accurate and complete financial records of any moneys expended in relation to the performance of the services pursuant to such contract or agreement according to generally accepted accounting principles. Such contract or agreement and such financial records shall be deemed to be public records as defined in division (A)(1) of section 149.43 of the Revised Code and are subject to the requirements of division (B) of that section, except that:

"(1) Any information directly or indirectly identifying a present or former individual patient or client * * * is not a public record."

In the present case, it is undisputed that the health department received significant funding for its home health care services through Medicare and Medicaid reimbursement agreements with the state and federal governments. Because the health department received state and federal funding for its home health care program, its list of home health care clients is not a public record and is therefore not subject to disclosure. See R.C. 149.431.

Accordingly, the health department's sole assignment of error is well taken, and the judgment of the trial court is reversed.

*Judgment reversed.*

BAIRD and DICKINSON, JJ., concur.