[Cite as *LeRussi v. Calcutta Volunteer Fire Dept.*, 2023-Ohio-626.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| CHRISTINE LEA LERUSSI | Case No. 2022-00657PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CALCUTTA VOLUNTEER FIRE DEPARTMENT | |
| Respondent | |

{¶1} This matter is before the Court for a report and recommendation pursuant to R.C. 2743.75(F)(1). The Special Master recommends that:

- Respondent Calcutta Volunteer Fire Department ("the Department") be required to produce the cancelled checks referenced at p. 5 and p. 10, ¶ 10, of its motion to dismiss.
- That the balance of Requester's claims be denied on the merits for want of proof,
- And that Requester recover her filing fees and the other costs of this case.

## I.      Background

{¶2} Requester Christine Lerussi ("Lerussi") submitted a written public records request to the Department. A Department official verbally denied her request and she filed this case shortly thereafter. *Complaint*, filed September 6, 2022 at pp. 1, 4*; Motion to Dismiss*, filed February 7, 2023 ("*MTD*"), at p. 9, ¶ 5, p. 13.[1]

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings.

{¶3} The Department produced a substantial number of records after the case was filed, but not all that Lerussi believes are responsive to her request. *MTD,* p. 10, ¶ 8; pp. 14-17, 20; *Affidavit, Motion to Dismiss, Evidentiary Materials*, filed February 22, 2023 ("*Requester's Submissions*"), p. 2-3, ¶¶ 9-12; pp. 29-34. This case was referred to mediation, but that proved unsuccessful.

{¶4} The Department then filed a motion to dismiss. The Special Master allowed Lerussi to file additional evidence and a memorandum responding to the Department's motion. She has done so, and the matter was submitted for decision. *MTD*; *Order*, entered February 9, 2023; *Requester's Submissions*.

## II.     Analysis

### A. The Department's motion to dismiss should be denied.

The Department has moved to dismiss, presumably pursuant to Civ. R. 12(B)(6). That motion should be denied for two reasons.

First, Lerussi has alleged sufficient facts to state a claim. A party invoking R.C. 2743.75 must "plead *** facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office or records custodian did not make the record available." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 33. Lerussi pled that she made a public records request for certain records. *Complaint*, pp. 1, 4. There are no facially obvious defects in that request. She also pled that the request was denied by a public office. *Id*. at 2. Those facts must be presumed to be true and state a claim.

Second, the Department's motion relies on matters beyond the complaint. A Civ. R. 12(B)(6) motion cannot be granted if the movant relies on allegations or evidence outside the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992). The Department's motion is based on evidentiary materials that go beyond Lerussi's complaint. *MTD*, pp. 9-13. That cannot be done via Civ. R. 12(B)(6), but instead requires the Court to weigh the evidence through a merits analysis.

### B. Burdens of Proof.

The controlling burdens of proof are important because this case largely turns on the weight of the evidence.

A party suing for public records must "prove facts showing that the requester sought an identifiable public record pursuant to R.C. 149.43(B)(1) and that the public office *** did not make the record available." *Welsh-Huggins* 163 Ohio St.3d 337, ¶ 33. That party must also prove that responsive records exist if the public office denies their existence. *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 133 Ohio St.3d 139, 2012-Ohio-4246, 976 N.E.2d 877, ¶ 26; *State ex rel. Gooden v. Kagel*, 138 Ohio St. 3d 343, 2014-Ohio-869, 6 N.E.3d 1170, ¶ 8.

Those facts must be proven by clear and convincing evidence. Although the courts liberally construe the Public Records Act in favor of access to public records, the party seeking them "must still establish entitlement to the requested *** relief by clear and convincing evidence." *McCaffrey,* 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 16. "Clear and convincing evidence *** is more than a preponderance of the evidence," but is evidence "that will produce in the trier of fact's mind a firm belief as to the fact sought to be established." *State ex rel. Griffin v. Doe*, 165 Ohio St.3d 577, 2021-Ohio-3626, 180 N.E.3d 1123, ¶ 5.

## C. Requester is entitled to the production of some of the records she seeks beyond those produced.

Lerussi made the following request:

> I am requesting line-item accounting records, meetings/decision makings justifying/requesting of department and it's officers in regards to the income and expenses of the Calcutta Volunteer Fire Department utilizing tax revenue. This request is for the years 2019, 2020, 2021, and January – June 2022.
> - This request is specific to the detailed line items of each expense and income category of their accounting practices and the balance sheets
> - This request is specific to the cost and purchase dates of assets.

*MTD*, 9, ¶ 5; p. 13; *Requester's Submissions*, 1, ¶ 4; p. 21.

{¶5} That request has two elements. One is for "line-item accounting records," "balance sheets," and records documenting "expense categories" and the "the cost and

purchase dates of assets" (collectively the "Line-Item Records"). The other is for "meetings/decision makings justifying/requesting of department and it's officers in regards to the income and expenses of the Calcutta Volunteer Fire Department utilizing tax revenue" (collectively the "Decisional Records"). Both elements are for the time from January of 2019 through June of 2022.

### 1. Line-Item Records.

The Department has provided Lerussi with copies of its IRS Form 990 tax returns in response to this element of her request. *MTD*, p.10, ¶¶ 7, 9; pp. 14-17; *Requester's Submissions*, p. 2, ¶ 9; pp. 24-25; p. 3, ¶ 10; pp. 26-27. It has provided affidavit testimony that it has no other responsive records. *MTD*, pp. 10-11, ¶¶ 9-12. Lerussi therefore has the burden of proving that no responsive records exist and doing so by clear and convincing evidence. *McCaffrey*, 133 Ohio St.3d 139, 2012-Ohio-4246, ¶ 26; *Gooden*, 138 Ohio St. 3d 343, ¶ 8; *State ex rel. Toledo Blade Co. v. Toledo-Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, 2009-Ohio-1767, 905 N.E.2d 1221, ¶ 15; *Decrane v. City of Cleveland*, Ct. of Cl. No. 2018-00355PQ, 2018-Ohio-3650, ¶ 5. Lerussi tries to meet that burden in two ways, but has mostly failed to do so.

She first argues that various aspects of the Department's internal procedures indicate that such line-item records either do exist or can be used to create the line-item records she seeks. *Requester's Submissions*, pp. 6-7, 8-12, 13. This falls short because she offers no evidence of the procedures she describes; they are not sworn to in her affidavit and she has filed no other evidence proving the existence of those procedures.[2] The Court therefore has nothing establishing those procedures except the Lerussi's unsworn statements in her memorandum, and such statements are not evidence. *Hickman v. Ford Motor Co.*, 52 Ohio App.2d 327, 330, 370 N.E.2d 494 (8th Dist.1977). And even if the

---

[2] It appears that Lerussi's assertions about the Department's procedures are based on what the Department stated during the mediation process. The Department's statements on those points would likely be mediation communications that cannot be considered here absent the Department's consent. See R.C. 2710.03. And even with consent, Lerussi would still need to produce evidence of those statements and she had not done so.

Court were to assume their existence, the existence of the procedures themselves does not mean that they were actually used to create the specific records sought here.

She also argues that the Line-Item records must exist because, in her view, the Department was legally obligated to create and maintain them by its corporate bylaws, its contract with the township it serves, Ohio statutes controlling tax funds, and federal law controlling tax exempt organizations. *Requester's Submissions*, pp. 6, 7-8, 11, 12-14, 17-18. This also falls short in several respects. The fact the Department may have those record keeping obligations does not mean that creating the specific records she seeks was the only way to fulfil them. Further, even if the Department's failure to create or maintain those records did violate those obligations, that does not change the fact that the records do not exist. Respondent "may have a legal duty to maintain the requested record *** but having failed to do so, respondent has no duty to produce it in response to a public records request because the Public Records Act concerns existing records, not records that ought to exist." *State ex rel. Ware v. DeWine*, 10th Dist. Franklin No. 19AP-161, 2019-Ohio-5203, ¶ 48. And to the extent that Lerussi looks to this Court to otherwise address those alleged violations, she is asking for something this Court lacks authority to do, such matters having been assigned to other parts of government or other courts. *See e.g.* R.C. 109.24; R.C.117.103; R.C. 149.351 and *Speros v. Secy. of State*, Ct. of Cl. No. 2017-00389-PQ, 2017-Ohio-8453, ¶ 27. See also *Ware*, *supra*, ¶ 48 ("An action to compel the [respondent] to comply *** may lie in some form, but that action does not fit under R.C. 149.43").

But that does not completely resolve this element of Lerussi's request. There is clear and convincing evidence that the Department does have records documenting the Department's "expense categories" and "the cost and purchase dates of assets." The Department's own evidence establishes that it has cancelled checks. *MTD*, p. 10, ¶ 10. To the extent that those checks were issued to cover expenses or purchase assets they would document the "expense categories" and "the cost and purchase dates of assets" mentioned in this element of Lerussi's request. Indeed, the Department's own submissions at least implicitly acknowledge that. *MTD* at p. 5; p. 10, ¶ 10. Those checks should be produced.

That is not changed by the fact that Lerussi did not mention checks in her request. Although a requester has a duty to reasonably identify the records it seeks, the law does "not require perfection in public-records requests." *State ex rel. Morgan v. City of New Lexington*, 112 Ohio St.3d 33, 2006-Ohio-6365, 857 N.E.2d 1208, ¶ 37. The cases therefore require production of readily identifiable records that the office understands contain the information sought, even if those records were not explicitly mentioned in the request. *Id.* See also *State ex rel. Cater v. City of N. Olmsted*, 69 Ohio St.3d 315, 319-320, 631 N.E.2d 1048 (1994); *State ex rel. Hill v. Campbell*, 10th Dist. Franklin No. 20AP-510, 2022-Ohio-354, ¶ 15; and *Sutelan v. Ohio State Univ.*, Ct. of Cl. No. 2019-00250PQ, 2019-Ohio-3675, ¶ 15. The Department's own evidence and arguments show that it understood that the checks contained the information Lerussi sought, so they should have been produced. The Special Master therefore recommends that the Department be ordered to produce the checks.

### 2. The Decisional Records.

The analysis of Lerussi's request for the Decisional Records is similar. She sought records documenting "meetings/decision makings justifying/requesting of department and it's officers in regards to the income and expenses of the Calcutta Volunteer Fire Department utilizing tax revenue." *MTD*, 9, ¶ 5; p. 13; *Requester's Submissions*, 1, ¶ 4; p. 21. The Department responded by producing Minutes of the meetings of the Department's Board and cash flow analyses. Ms. Lerussi noted some lapses in the minutes, but the Department asserted that no other responsive documents exist. The Department has supported that assertion with an affidavit, *MTD*, pp. 10-11, ¶¶ 9-12, and that is sufficient evidence to establish that fact absent clear and convincing evidence to the contrary. *Toledo-Lucas Cty. Port Auth.,* 121 Ohio St.3d 537, ¶ 15; *Decrane*, 2018-Ohio-3650, ¶ 5.

Lerussi proffers the same responses to the Department's proof on this point that she did in connection with the Line-Item Records: that the Department's internal procedures and legal obligations should have resulted in additional responsive records. Those responses are insufficient, as discussed in connection with the Line-Item Records. She has therefore failed to meet her burden of proof on this element of her request.

**D. Costs**.

{¶6} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Lerussi was aggrieved because the Department failed to produce the checks that are responsive to her request for the Line-Item records. She is therefore entitled to recover her filing fee and all costs incurred in this case.

**E. Other issues raised by the parties**.

{¶7} Both parties raise arguments that are not addressed in this report and recommendation because they are not necessary to resolve this case.  On Requester's side, there is no need to decide the merits of her timeliness claim; the Special Master is already recommending that she be granted all the relief that would be available in this Court on that claim (recovery of her filing fee and costs).  On Respondent's side, there is no need to resolve its ambiguity/overbreadth and information request defenses; they were limited to the Decisional Records element of Lerussi's request, and the Department prevailed on that element on other grounds.  See *MTD* at pp. 7, 14.  If "it is not necessary to decide more, it is necessary not to decide more", so there is no need to address those matters. *Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53 (quoting *PDK Laboratories Inc. v. United States DEA*, 362 F.3d 786, 799 (2004) (Roberts J. concurring).

**III.    Conclusion**.

In light of the foregoing the Special Master recommends that:

A. The Department be ordered to produce the cancelled checks referred to at p. 5 and p. 10, ¶ 10 of its *MTD* upon Lerussi's payment of the copying costs.

B. That the Court find that the balance of Lerussi's claims fail on the merits for want of proof; and

C. That Lerussi be awarded the amount of her filing fee and all others costs in this action.

{¶8} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

---

TODD MARTI
Special Master

**Filed February 28, 2023**
**Sent to S.C. Reporter 3/2/23**