[Cite as *Lerussi v. Calcutta Volunteer Fire Dept.*, 2023-Ohio-3092.]

**IN THE COURT OF CLAIMS OF OHIO**

| | |
|---|---|
| CHRISTINE LEA LERUSSI | Case No. 2023-00434PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CALCUTTA VOLUNTEER FIRE DEPARTMENT | |
| Respondent | |

{**¶1**} This matter is before the special master for a R.C. 2743.75(F)(1) report and recommendation. The special master recommends that:

- Requester be given access to all records Respondent has identified as being responsive to the requests giving rise to this case.
- Requester recover her filing fee and costs, exclusive of attorney fees.

## I. Background.

{**¶2**} Respondent Calcutta Volunteer Fire Department ("the Department") is a non-profit corporation that contracts with St. Clair Township to provide fire fighting services. It operates on two sources of revenue, the proceeds of a township tax levy and funds raised from other sources. The tax levy funds are deposited into and disbursed from a bank account used exclusively for those purposes (the "Tax Account"). The other funds are deposited into and disbursed from a separate account (the "Non-Profit Account"). *Evidence Relied Upon in Defense*, filed July 6, 2023, pp. 4-5, ¶¶ 3, 4, 6, 8; *Amendment to (B)(2) Records Responsive to Request Filing*, filed July 20, 2023, p. 4, ¶ 3.[1]

{**¶3**} This is the second case between the Department and Christine Lerussi, the Requester in this case. The first case sought various public records from the Department,

---

[1] All references to specific pages of matters filed in this case are to pages of the PDF copies posted on the Court's docket, rather than to any internal pagination of the filings.

including "records documenting 'expense categories' and the "the cost and purchase dates of assets" "for the years 2019, 2020, 2021, and January – June 2022." *Lerussi v. Calcutta Volunteer Fire Dept.*, Ct. of Cl. No. 2022-00657PQ, 2023-Ohio-626, ¶¶ 4,5. The Department responded by noting that it had cancelled checks from unspecified accounts that would be responsive to those requests. The court ordered the Department to produce those checks. *Id.*, 2023-Ohio-626, ¶ 5, adopted 2023-Ohio-1171, ¶ 3 *("Lerussi I")*.

{¶4} This case asserts two claims. One is for the records Ms. Lerussi asserts are required by the judgment in *Lerussi I* that have not been produced. The other seeks to enforce an April 14, 2023, records request.

{¶5} Mediation was not ordered in this case. Instead, a case schedule was set for filing evidence, records for in camera review, and memoranda. *Order*, entered June 22, 2023.

## II. Analysis.

### A. The universe of responsive records is not disputed.

{¶6} The Department has identified the following submissions as containing the canceled checks issued during the time covered by public records request giving rise to *Lerussi I*:

| Records | Filing | Exhibit Designation |
|---|---|---|
| Checks from Tax Account, January 1, 2019, to June 30, 2022 | Copies of Cancelled Checks (filed under seal for In camera review) | C |
| | | |
| Checks from Non-Profit Account, January 1, 2019, to June 30, 2022 | Copies of Cancelled Checks (filed under seal for In camera review) | D |

The Department has identified the following materials as responsive to the April 14 request:

| Records | Filing | Exhibit Designation |
|---|---|---|
| Tax Account Bank Statements/Cancelled Checks | Copies of All Records Responsive to Request (filed under seal for In camera review) | E |
| | | |

| | | |
|---|---|---|
| Accountant's Summaries | Copies of All Records Responsive to Request (filed under seal for In camera review) | F |
| | | |
| Tax Account Cancelled Checks | Copies of All Records Responsive to Request (filed under seal for In camera review) | G |
| | | |
| Nonprofit General Bank Account Statements/Cancelled Checks | Copies of All Records Responsive to Request (filed under seal for In camera review) | H |
| | | |
| 2023 Financial Spreadsheet | Copies of All Records Responsive to Request (filed under seal for In camera review) | I |
| | | |
| Credit Card Statements | Copies of All Records Responsive to Request (filed under seal for In camera review) | J |
| | | |
| Bank Statements from Tax Account, March 31,2021, to August 31, 2021 | Amendment to (B)(2) Records Responsive to Request Filing (filed under seal for In camera review) | O |
| | | |
| Bank Statements from Tax Account, April 29, 2022, to 2021, to June 30, 2022 | Amendment to (B)(2) Records Responsive to Request Filing (filed under seal for In camera review) | P |
| | | |
| List of Check Numbers and Assets for 2019- 2023 | Amendment to (B)(2) Records Responsive to Request Filing (filed under seal for In camera review) | Q |

## B. Requester is entitled to production of the records collected in Exhibits C, E, F, G, O, and P.

{¶7} R.C. 149.43(B)(1) requires a public office to produce copies of responsive public records if a proper request is made and the records do not fit within an exception to the Public Records Act. All those conditions are presented here.

{¶8} The Department is a public office. It has conceded that it is the functional equivalent of a public office. *Respondent's Response to Complaint/Motion to Dismiss*, filed July 20, 2023 ("*Response*"), pp. 6, 7, 8, 9, 12.

{¶9} Exhibits C, E, F, G, O, and P are public records. R.C. 149.43(A)(1) defines public records as "*records* kept by any public office[.]" (Emphasis added). R.C. 149.011(G) in turn provides that "'Records' includes any document * * * created or received by or coming under the jurisdiction of any public office * * * which serves to document the *** decisions *** or other activities of the office." The materials collected in Exhibits C, E, F, G, O and P were received by the Department; that is how they came to be filed here. They document the Department's expenditures, and expenditures were the result of decisions to disburse the funds and were themselves activities of the Department. *See, e.g., State ex rel. R.R. Ventures v. Columbiana Cty. Port*, 7th Dist. Columbiana No. 2002 CO 26, 2004-Ohio-391, ¶¶ 33, 38 (ordering production of "copies of checks, invoices"). The materials collected in these exhibits were kept by the Department. They are therefore public records within the plain terms of R.C. 149.43(A)(1) and R.C. 149.011(G).

{¶10} The Department has not challenged the sufficiency of Ms. Lerussi's requests.

{¶11} Nor has the Department argued that the records collected in that Exhibits C, E, F, G, O, and P fit within any exception to the Public Records Act.

{¶12} Ms. Lerussi is therefore entitled to production of the records collected in Exhibits C, E, F, G, O, and P.

**C. Requester is entitled to the records collected in Exhibits D, H, I, J, and Q because Respondent has not proven facts making R.C. 149.431(A)(3) applicable and it has not asserted any other exemption from its duty to produce records.**

{¶13} Exhibits D, H, I, J, and Q are materials related to private funds that flowed through the Department's Non-Profit Account. As just discussed, R.C. 149.43(B)(1) requires a public office to produce copies of responsive public records if a proper request is made and the records do not fit within an exception to the Public Records Act. All those conditions are present here.

{¶14} The Department is a public office. The Department concedes that it is the functional equivalent of a public office. That is sufficient to trigger obligations under R.C. 149.43(B)(1).

{¶15} Exhibits D, H, I, J, and Q are public records. R.C. 149.43(A)(1) defines a public record as a record kept by a public office. R.C. 149.011(G) defines records as various types of media "created or received by or coming under the jurisdiction of any public office *** which serve[] to document the organization, functions, policies, decisions, procedures, operations, or other activities of the office." These exhibits were "created or received by or [came] under the jurisdiction" of the Department—the Department filed them. They document how the Department disbursed funds entrusted to it. Those disbursements were the results of "decisions" made on behalf of the Department and were "activities of the office." These materials were kept by the Department and the Department is a public office. Exhibits D, H, I, J, and Q possess every element of a public record set by R.C. 149.43(A)(1) and R.C. 149.011(G).

{¶16} That is not changed by the fact that these materials describe the disposition of private funds. There are two reasons for that. Initially, the statutory definition of "record" contains no exception for materials documenting the disposition of private funds and courts are not free to create exceptions when the legislature has not. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 26. Further, precedent requires that R.C. 149.011(G) be applied to reflect the statute's "expansive scope," and that any doubts be resolved in favor of classifying a document as a record. *State ex rel. Data Trace Information Servs., L.L.C. v. Cuyahoga Cty. Fiscal Officer*, 131 Ohio St.3d 255, 2012-Ohio-753, 963 N.E.2d 1288, ¶ 30; *State ex rel. Cincinnati Post v. Schweikert*, 38 Ohio St.3d 170, 173, 527 N.E.2d 1230 (1988). To the extent that this is a close question it must be answered in favor of record status.

{¶17} The Department has not challenged the sufficiency of Ms. Lerussi's requests for those records.

{¶18} The Department has not proven facts supporting the only exemption from production it urges. Its only basis for withholding these records is R.C. 143.431(A)(3). It provides that:

[A]ny *** nonprofit corporation or association *** that enters into a contract or other agreement with *** a political subdivision or taxing unit of this state for the provision of services shall keep accurate and complete financial records of any moneys expended in relation to the performance of the services pursuant to such contract or agreement according to generally accepted accounting principles. Such contract or agreement and such financial records shall be deemed to be public records as defined in division (A)(1) of section 149.43 of the Revised Code and are subject to the requirements of division (B) of that section, except that:

*** 

(3) Any nonprofit corporation or association that *receives both public and private funds in fulfillment of any such contract* or other agreement is not required to keep as public records the financial records of any *private funds expended in relation to the performance of services pursuant to the contract* or agreement.

*** 

Nothing in this section shall be construed to otherwise limit the provisions of section 149.43 of the Revised Code (emphasis added).

{¶19} As the Department notes, R.C. 149.431 is an exception to R.C. 149.43. *Guardian Home Nursing v. Medina Cty. Health Dept.*, 113 Ohio App.3d 734, 736, 682 N.E.2d 4 (9th Dist.1996) ("the general rule regarding disclosure of all public records is subject to certain exceptions. For instance, R.C. 149.431, which governs the disclosure of the financial records of organizations receiving government funds"). That is consistent with precedent holding that statutes making different provisions for access to particular types of records are exemptions from the general provisions of R.C. 149.43. *State ex rel. Dublin Secs. v. Ohio Div. of Secs*, 68 Ohio St.3d 426, 430, 627 N.E.2d 993 (1994); *State ex rel. Motor Carrier Serv. v. Rankin*, 135 Ohio St.3d 395, 2013-Ohio-1505, 987 N.E.2d 670, ¶¶ 26, 29.

{¶20} The Department has the burden of proving facts making R.C. 149.43(A)(3) applicable because R.C. 149.431 is an exemption from R.C. 149.43.  A public office asserting an exemption has "the burden of production *** to plead and prove facts clearly establishing the applicability of the exemption." *Welsh-Huggins v. Jefferson Cty. Prosecutor's Office*, 163 Ohio St.3d 337, 2020-Ohio-5371, 170 N.E.3d 768, ¶ 27 (internal punctuation omitted). See also, *Id.* at ¶¶ 35, 54. That burden must be carried with

"competent, admissible evidence[.]" *Id.* at ¶¶ 53, 77. "Unsupported conclusory statements in an affidavit are insufficient." *Id.* at 35. The public office must produce extrinsic evidence if the applicability of the exemption is "not obviously apparent and manifest just from the content of the record itself[.]" *Id.* ¶ 35. See also *id.* at ¶¶ 30, 50, 53. Further, the office must make a strong showing. It "does not meet this burden if it has not proven that the requested records fall squarely within the exception," and courts must "resolve any doubt in favor of disclosure." *Id.* at ¶¶ 27, 63 See also *id.* at ¶¶ 50, 63. Given that, "it is not enough to say that a record is *probably* within a statutorily prescribed exemption[.]" *Id.* at ¶ 63 (emphasis sic.).

{¶21} The text of R.C. 149.431(A)(3) establishes two requirements for exempting records from disclosure. One is that non-profit invoking the exception "receive[d] both public and private funds in fulfillment of any such contract[.]" The other is that the putatively exempted records pertain to "private funds expended in relation to the performance of *** the contract[.]" The Department has not proven either requirement.

{¶22} There is no evidence that the Department "receive[d] both public and private funds" pursuant to its contract with St. Clair Township. The contract does not mention payments to the Department of anything other than tax levy funds. *Evidence Relied Upon in Defense*, filed July 6, 2023, pp. 12-13, Ex. B. The affidavits submitted on the Department's behalf do not prove that it received private funds pursuant to the contract, but instead state that the private funds in the Non-Profit Account came from other sources. *Id.* at p.5, ¶ 8.

{¶23} Nor is there evidence that the funds discussed in Exhibits D, H, I, J and Q were "expended in relation to the performance of services pursuant to the contract" between the Department and the Township. That connection is not evident from the records themselves and the Department offers no extrinsic evidence establishing that connection.

{¶24} The special master recognizes that this leads to an anomalous result; one at odds with the case law reflecting a reluctance to apply the Public Records Act to records reflecting private finances. *State ex rel. Oriana House, Inc. v. Montgomery*, 110 Ohio

St.3d 456, 2006-Ohio-4854, 854 N.E.2d 193, ¶ 36. There are two reasons why that result is unavoidable here.

{¶25} First, R.C. 149.431(A)(3)'s applicability is expressly conditioned upon a connection between the private funds described in the records and the non-profit's contract with a government entity. Applying the statute without proof of that connection would amount to editing the statute by removing those express requirements. Courts are not free to take such action. *State ex rel. CNN, Inc. v. Bellbrook-Sugarcreek Local Schools*, 163 Ohio St.3d 314, 2020-Ohio-5149, 170 N.E.3d 748, ¶ 24.

{¶26} Second, this result is consistent with controlling precedent requiring that any doubt be resolved against an exception. *State ex rel. Natl. Broadcasting Co. v. City of Cleveland*, 38 Ohio St.3d 79, 83, 526 N.E.2d 786 (1988); *Welsh-Huggins*, 163 Ohio St.3d 337, ¶ 28. If there is any doubt about what is required to trigger R.C. 149.431(A)(3), it must be resolved against applying the exemption.

{¶27} In sum, R.C. 149.431(A)(3) is the only basis the Department asserts for withholding Exhibits D, H, I, J, and Q. The Department did not carry its burden of proving that R.C. 149.431(A)(3) applies here. The special master therefore recommends that the court order that Ms. Lerussi be given access to Exhibits D, H, I, J, and Q.

### D. Costs.

{¶28} R.C. 2743.75(F)(3)(b) provides that the "aggrieved person shall be entitled to recover from the public office or person responsible for the public records the amount of the filing fee of twenty-five dollars and any other costs associated with the action[.]" Ms. Lerussi was aggrieved because the Department failed to produce Exhibits D, H, I, J, and Q. She is therefore entitled to recover her filing fee and all costs incurred in this case.

### III. Conclusion.
### I. Conclusion.

In light of the foregoing the Special Master recommends that:

A. Requester be given access to Respondent's Exhibits C, D, E, F, G, H, I, J, O, P, and Q.

B. Requester recover her filing fee and costs, exclusive of attorney fees.

{¶29} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this*

*report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

TODD MARTI
Special Master

**Filed August 8, 2023**
**Sent to S.C. Reporter 9/1/23**