[Cite as *AIY Properties, Inc. v. Cleveland*, 2025-Ohio-737.]

## IN THE COURT OF CLAIMS OF OHIO

| | |
|---|---|
| AIY PROPERTIES, INC. | Case No. 2025-00044PQ |
| Requester | Special Master Todd Marti |
| v. | <u>REPORT AND RECOMMENDATION</u> |
| CITY OF CLEVELAND | |
| Respondent | |

{¶1} This matter is before me for a R.C. 2743.75(F) report and recommendation. I recommend that the court (1) enter judgment for the respondent and (2) order that requester bear the costs of this case.

### I. Background.

{¶2} Requester AIY Properties, Inc. ("AIY") made three public records requests to the respondent City of Cleveland ("Cleveland"). The first two sought "[d]etailed itemized report[s] of all expenditures of the Cleveland Housing Court" from 2018 through 2023. (the "Housing Court Requests"). The other request sought annual "itemization[s] of all expenditures for the Building and Housing department" for 2022 through 2023. (the "B&H Request"). Cleveland produced several tranches of records in response to those requests. *Requester's Submission of Table of Contents and Evidence*, filed January 21, 2025.

{¶3} AIY believes that additional responsive records exist and filed this case to compel their production. Mediation was bypassed with the consent of the parties and a schedule was set for them to file evidence and memoranda supporting their positions. That schedule has run its course, making this case ripe for decision. *Order Bypassing Mediation*, entered January 21, 2025.

### II. Analysis.

### A. The court has jurisdiction over the Housing Court Requests, but requester has not proven that additional responsive records exist.

{¶4} Cleveland's primary response to the Housing Court Requests is that this court lacks jurisdiction over those requests because they are court records within the meaning of Sup.R. 44 and hence can only be sought through a mandamus action against the Housing Court. The records at issue may well be the types of materials that would be court records *in the possession of a court*, but they are also public records subject to R.C. 149.43 if Cleveland has copies of them. *Fairley v. Cuyahoga Cty. Prosecutor*, 2020-Ohio-1425, ¶¶ 17, 21, 22, adopted 2020-Ohio-1426 (Ct. of Cl.). The facts that AIY has sought the records from Cleveland and that Cleveland has produced records regarding the Housing Court indicate that AIY's claim concerns records In Cleveland's possession. The court therefore has jurisdiction over the claim.

{¶5} That said, the claim fails on the merits for want of proof. A requester confronted with sworn evidence that the public office has produced all the responsive records in the office's possession has the burden of proving that the office has additional responsive records. Further, it must do so with clear and convincing evidence. *Lerussi v. Calcutta Volunteer Fire Dept.*, 2023-Ohio-626, ¶ 5, adopted, 2023-Ohio-1171 (Ct. of Cl.) (collecting cases). Cleveland has produced affidavit testimony that it has produced all the records it has that are responsive to the Housing Court Requests. *Respondent's Supplemental Evidence*, filed January 20, 2025, p. 2, ¶ 5. AIY therefore must produce clear and convincing evidence that Cleveland has additional responsive records.

{¶6} AIY has not done so. It has produced no affidavit testimony or other sworn evidence. The attachments to its memorandum do not address whether Cleveland keeps the Housing Court's records. Finally, even if one assumes that Cleveland City Ordinance 127.03 required Cleveland to keep the Housing Court records AIY seeks, that is not evidence that such records actually exist. *Lerussi*, 2023-Ohio-626, ¶ 5 ("Respondent 'may have a legal duty to maintain the requested record *** but having failed to do so, respondent has no duty to produce it in response to a public records request because the Public Records Act concerns existing records, not records that ought to exist.'") (quoting *State ex rel. Ware v. DeWine*, 2019-Ohio-5203, ¶ 48 (10th Dist.)). AIY's claim for the production of additional Housing Court records consequently fails for lack of proof.

**B. Requester has not shown that respondent has additional records responsive to the B&H request**.

{¶7} Cleveland has produced affidavit testimony that it has no records responsive to the B&H Request beyond what it has produced, and argues that this claim is therefore moot. More specifically, one of Cleveland's affidavits states that it has produced all the records that its computer system is capable of generating. *Respondent's Evidence*, filed January 29, 2025, pp. 3, 4. AIY therefore has the burden of proving by clear and convincing evidence that additional records exist. *Lerussi*, 2023-Ohio-626, ¶ 5; *Mantell v. Cuyahoga Cty. Prosecutor's Office*, 2023-Ohio-2768, ¶ 18, adopted 2023-Ohio-3619 (Ct. of Cl.) ("If the public office produces evidence that its systems cannot produce the record, the party invoking the Database Rule has the burden of proving that the office's systems can, in their unaltered form, create the desired record"). AIY has submitted no affidavits or other evidence, but makes three legal arguments in response. None are sufficient to sustain this claim.

{¶8} The first argument attacks Cleveland's affidavits, arguing that they should be disregarded because neither affiant has been qualified as an expert. AIY cites no authority for the proposition that expert testimony is required in this context, and I am aware of none. Indeed, none of the cases requiring requesters to produce evidence in response to affidavits denying the existence of additional records make any mention of expert testimony. *Id.*; *State ex rel. McCaffrey v. Mahoning Cty. Prosecutor's Office*, 2012-Ohio-4246; *State ex rel. Gooden v. Kagel*, 2014-Ohio-869.

{¶9} The second argument is that additional records must exist because Cleveland City Ordinance 127.03 supposedly requires Cleveland to keep such records. As explained in connection with the claim for Housing Court Requests, the mere existence of a legal requirement to keep a particular type of record is not sufficient to rebut affidavit testimony that no such records exist. *Lerussi*, 2023-Ohio-626, ¶ 5.

{¶10} The third argument is that Cleveland should have more effective accounting software. That may or may not be true, but is beside the point. The question here is not what Cleveland should have, but what it actually has. *Id*. The only evidence before the court is that Cleveland has no other responsive records.

**C. Requester should bear the costs of this case**.

{¶11} Costs should be assessed against requester pursuant to R.C. 2743.09(F) and R.C. 2303.20 because it implicitly agreed to pay those costs by filing this case. *Helfrich v. Hall*, 2022-Ohio-1852, ¶ 25 (5th Dist.).

### III. Conclusion.

{¶12} In light of the foregoing, I recommend that:

    A.  The Court enter judgment for respondent; and

    B.  Requester bear the costs of this case.

{¶13} *Pursuant to R.C. 2743.75(F)(2), either party may file a written objection with the clerk of the Court of Claims of Ohio within seven (7) business days after receiving this report and recommendation. Any objection shall be specific and state with particularity all grounds for the objection. A party shall not assign as error on appeal the court's adoption of any factual findings or legal conclusions in this report and recommendation unless a timely objection was filed thereto. R.C. 2743.75(G)(1).*

 

TODD MARTI
Special Master

**Filed February 11, 2025**
**Sent to S.C. Reporter 3/6/25**